WILLIAM VEITH, APPELLEE, V. NICHOLAS RESS ET AL.,
APPELLEES, IMPLEADED WITH GRAINGER BROTHERS
ET AL., APPELLANTS.

FILED MARCH 21, 1900. No. 9,158.

1. **Appointment of Receiver: WAIVER OF STATUTORY NOTICE.** A court
has power to appoint a receiver where the parties to a suit
waive the statutory notice and consent to the appointment.

2. **Sufficiency of Petition.** A petition which shows that a partnership
is insolvent, that there is dissension between the partners,
probability of waste, and necessity for an accounting and dis-
solution, states facts sufficient to warrant the court in taking
cognizance of the case.

3. **Receiver: PARTNERSHIP ASSETS.** In such case the court may ap-
point a receiver to take charge of the partnership assets.

4. ———: **PARTNERSHIP PROPERTY: IN CUSTODIA LEGIS.** When part-
nership property is in the hands of a receiver it is in the cus-
tody of the law, and is to be administered by the court for the
benefit of all the firm creditors.

5. ———: **GARNISHEE.** In such case the receiver can not be sued, or
summoned, as garnishee in respect to the property in his posses-
sion by virtue of his trust.

6. **Creditor: ENTRY OF APPEARANCE: OBJECTION TO JURISDICTION.**
And a creditor who enters his appearance in the receivership
case and invokes the powers of the court in his behalf with re-
spect to the execution by the receiver of his trust, can not
afterwards be heard to object to the jurisdiction of the court.

7. **Attorney of Party Not Proper Receiver.** An attorney represent-
ing parties interested in the property being administered by a
receiver is not a proper person to be appointed, or to act, as
the legal adviser of the receiver where the interests involved
are, or are likely to be, conflicting.

8. **Evidence Sufficient.** Evidence examined, and found sufficient to
sustain the findings of the court.

APPEAL from the district court of Lancaster county.
Heard below before HALL, J. *Reversed.*

*F. H. Woods,* for Grainger Bros., appellants.

*Willard E. Stewart,* for Helena Lau, appellant.

*Stevens & Cochran,* for John Kranz, appellant.

*Broady & Pettis*, for William Veith and Nicholas Ress, appellees.

*F. A. Boehmer*, also appeared for appellants.

SULLIVAN, J.

William Veith and Nicholas Ress were retail grocers doing business in the city of Lincoln under the firm name of Veith & Ress. The business had not prospered, and on December 4, 1895, the partnership being insolvent, an action was instituted by Veith against Ress to obtain a dissolution, an accounting and a distribution of assets among creditors. The defendant waived notice and appeared voluntarily. By consent of the parties, Henry Schaal was appointed receiver and entered upon the execution of his trust. He received and adjusted the claims of creditors, and, in due time, made a report of his doings in that behalf to the court. To this report the appellants, who are creditors, filed objections, and in various ways invoked the action of the court, and obtained rulings and orders on the theory that the court was properly invested with jurisdiction of the cause, and authorized to administer the estate of the insolvent firm. During the pendency of the case instituted by Veith against Ress, Hans P. Lau, notwithstanding the fact that his claim had been allowed by the receiver and approved by the court, sued the partners in the county court and recovered judgment against them. Proceeding then by garnishment, he obtained, in the county court, an order on the clerk of the district court directing him to pay this judgment in full out of funds which had come into his hands as a result of a sale by the receiver of the partnership property. The garnisher afterwards filed a pleading in this case denying the jurisdiction of the court and claiming a first lien on the partnership assets.

It is contended that the court had no power to appoint a receiver, because the statutory notice had not been

given. Originally the only parties to the suit were Veith and Ress. The property embraced in the receivership belonged to them, and they were entitled, of course, to make any lawful disposition of it. The plaintiff asked to have it put into the hands of a receiver, and the defendant consented. This he had a right to do. The provision of the statute with respect to notice was for his benefit, and it was therefore competent for him to waive notice. It was so decided in *Farmers & Merchants Bank v. German Nat. Bank*, 59 Nebr., 229.

It is next contended that the petition does not state facts sufficient to warrant the court in taking cognizance of the cause. We think it does. It shows insolvency, dissension between the partners, probability of waste and necessity for an accounting and dissolution. This surely was enough. 15 Ency. Pl. & Pr., 1054; 2 Bates, Partnership, secs. 583, 593, 993; 3 Pomeroy, Equity Jurisprudence, sec. 1333.

The district court having obtained jurisdiction of the cause, and having, by its receiver, laid hold of the partnership property, the garnishment proceeding was ineffective; it accomplished nothing. The rule is that when partnership property is in the hands of a receiver, it is in the custody of the law and is to be administered by the court for the benefit of all the firm creditors. 2 Bates, Partnership, sec. 1006; *Jackson v. Lahee*, 114 Ill., 287; *Holmes v. McDowell*, 76 N. Y., 596. The possession of the receiver is the possession of the court by which he has been appointed, and he can not be sued, or summoned, as garnishee, in respect to property in his possession by virtue of his trust. 14 Am. & Eng. Ency. Law [2d ed.], 821. "The court," remarked Romilly, M. R., in *De Winton v. Brecon*, 28 Beav. [Eng.], 200, 203, "never allows any person to interfere either with money or property in the hands of its receiver, without its leave, whether it is done by the consent or submission of the receiver or by compulsory process against him."

But it is further contended in behalf of Lau that the

action by Veith against Ress was collusively brought; that it was designed to hinder and delay creditors, and that, therefore, the court should have renounced jurisdiction and established his judgment as a prior lien on the partnership assets. It is also argued that the appointment of the receiver was an equitable assignment and void for want of conformity with the statute regulating voluntary assignments. All of these matters were submitted to the trial court, and we are not prepared to say that its decision sustaining the receivership is contrary to the evidence. It may be that the suit was not instituted for the purpose disclosed by the petition, but rather for the purpose of evading the assignment law and to obstruct creditors in the enforcement of their claims; but the proof offered to sustain this hypothesis is, certainly, neither decisive nor convincing. In this connection it may not be out of place to remark that the appellants have probably forfeited their right to question the court's authority to administer the partnership assets for the benefit of all the creditors. At first they seem to have conceded that the court was proceeding properly, and induced it to go forward on that assumption. They contested the claims of other creditors, with the avowed object of increasing their own distributive shares of the fund in the hands of the receiver. By this conduct they have, it would seem, taken a position from which they can not recede. *Jackson v. Lahee, supra.*

One of the attorneys for the plaintiff was appointed as attorney for the receiver, and awarded $100 for his services. This allowance was resisted, and is complained of here. We think the court erred in appointing Mr. Pettis to act for the receiver over the protest of creditors. The interests of the debtor and creditor are conflicting, and the same attorney can not with propriety act for the receiver who represents both. The statute provides: "No person shall be appointed receiver who is party, solicitor, counsel, or in any manner interested in the suit." Code of Civil Procedure, sec. 271. The pol-

icy that requires the appointment of an impartial receiver would seem to dictate that his legal adviser be impartial too. We think the law upon this subject is correctly stated by Beach in his work on the Law of Receivers, Alderson's edition 1897. At page 274, the learned author says: "The same reasons which suffice to render the legal adviser of one of the parties to an action ineligible to be appointed receiver operate also to prevent him from being allowed to act as counsel for the receiver. Besides his interest in the final result·of the controversy, his duty to protect and enforce the rights of one of the parties, being his client, will, in most cases, if he should also act as counsel for the.receiver, be likely to impose upon him conflicting and inconsistent duties, such as can not be properly performed by one person."

Several of the appellants contend that the court erred in allowing the claim of the First National Bank of Lincoln. We perceive no error in the decision complained of. The evidence tends to show that the bank was a creditor of Veith & Ress, and that the amount allowed it was correct. There is in the record no evidence indicating that the claim should have been rejected either in whole or in part.

Grainger Bros. insist that the court wrongfully rejected a small portion of their claim. During the pendency of this case, they sued the individual partners and obtained judgment against them. This judgment was offered on the trial below as conclusive evidence of the amount due them from the firm. The court, however, was not bound to accept it as conclusive. It had jurisdiction of the matter and could determine for itself all controversies arising between the creditors and the receiver. The decision as to the amount due Grainger Bros. is supported by sufficient competent evidence and will not be disturbed.

John Kranz claims a preference over other creditors on the theory that Veith & Ress bought merchandise of him without any intention of paying for the same. The

property in question had been delivered to the partnership, but had not been commingled with the general stock. The claim for a preference can not be sustained, because there is no proof from which the trial court was bound to infer that the purchase was fraudulent. The absence of an intention to pay is not a necessary and inevitable conclusion from the fact that a purchaser of goods is insolvent.

For the error committed by the court in allowing Mr. Pettis $100 for services rendered by him as attorney for the receiver the decree will be reversed, and the cause remanded with direction to the district court to render a judgment conforming to the views expressed in this opinion.

REVERSED AND REMANDED.