Note.—Reported in 207 N. W. 98. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1078 (1), 4 C. J. Sec. 3057; (2) Vendor and purchaser, Key-No. 130(2), 39 Cyc. 1452; (3) Vendor and purchaser, Key-No. 130(2), Partition, 30 Cyc. 1478, 1481; (4) Partition, Key-No. 112, 30 Cyc. 306; (5) Vendor and purchaser, Key-No. 138, 39 Cyc. 1511; (6) Vendor and purchaser, Key-No. 130(2), 39 Cyc. 1483; (7) Judgment, Key-No. 713(1), 34 C. J. Sec. 1312; (8) Vendor and purchaser, Key-No. 76, 39 C. J. Sec. 1540; (9) Taxation, Key-No. 533, 37 Cyc. 1169; (10) Vendor and purchaser, Key-No. 44, 39 Cyc. 1437; (11) Vendor and purchaser, Key-No. 143, 39 Cyc. 1525.

On Rev. Code 1919, Sec. 2631, see annotations Kerr's Cyc. Code 1920, Civ. Proc., Sec. 681.

---

TABOUR REALTY COMPANY, Appellant, v. GANNON et al, Respondents.

(207 N. W. 94.)

(File No. 5345. Opinion filed January 23, 1926.)

1. Receivers—Attorneys—Receiver Cannot Retain Attorneys Fees out of Funds in His Hands Resulting from Appeal in Which He Was Not Interested.

Where receiver was not interested in result of appeal from his report, he was not justified in retaining attorneys, and cannot recover expense out of funds in his hands, particuarly

where attorneys employed were attorneys in same case for bank which was primarily interested in result of appeal.

2.  **Attorney and Client—Attorneys Representing Bank Primarily Interested in Appeal from Receiver's Report Not Proper Attorneys to Represent Receiver.**

Attorneys representing bank which was primarily interested in result of appeal from receiver's report held not proper attorneys to represent receiver if he had needed representation.

3.  **Receivers—Trusts—Nothing Remains for Receiver but to Settle Trusteeship After Determination of Appeal from His Report.**

Where appeal from receiver's report had been determined by Supreme Court, nothing remained for receiver but to settle his trusteeship, and fact that he obtained order permitting him to file report for additional expenses which had not been acted on would not render proceeding to collect funds in hands of receiver premature.

4.  **Receivers—On Filing of Final Report of Receiver and Settlement Matter Became Adjudicated.**

On filing of final report by receiver and its approval and settlement, matter became adjudicated, and neither Supreme Court nor circuit court can disturb that adjudication, except on direct action upon established legal principles.

5.  **Fraudulent Conveyances—Whether Mortgagor Had Fraudulently Assigned Funds Belonging to [Him in Hands of Receiver Is Not Concern of Receiver's.**

Where mortgagor had assigned funds belonging to him in hands of receiver, it is no concern of receiver's if assignment was made in fraud of creditors or without consideration, as creditors would have plain and adequate remedy available.

Appeal from Circuit Court, Brown County; Hon. B. A. Walton, Judge.

Action by the Tabour Realty Company against Fred H. Gannon and others. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Amos N. Goodman,* of Aberdeen, for Appellant.

*Van Slyke & Agor,* of Aberdeen, for Respondents.

BURCH, C. This action arises out of a receivership which has resulted in much litigation. We give the facts in chronological order. The First National Bank of Aberdeen, having a mortgage on certain real estate belonging to Emma A. Cranmer and her husband, S. H. Cranmer, commenced an action in the circuit court of Brown county to foreclose the mortgage. On the 2d day of

May ,1916, said bank procured an order appointing defendant Fred H. Gannon receiver. Said receiver qualified, and gave a bond with the other defendants F. B. Gannon and Frank G. Suttle as sureties. He entered upon his duties as receiver, and collected rents and profits arising from the property involved in said action. On the 9th day of December, 1917, he filed his final report and account of receivership. On the 2d day of January, 1918, the said Cranmers assigned their interest in the money in the hands of the receiver to plaintiff Tabor Realty Company. On the 4th day of September, 1918, the court examined the final report of the receiver and objections filed thereto, and entered its order and judgment on said report, and, among other things, directed the said receiver to pay to the said Cranmers $1,608.98; approved payment of taxes for 1915 in the sum of $316.09, repairs, $85.39, a payment of $307.95 to the First National Bank to apply on the mortgage debt, and ordered a payment of $117.62 to the First National Bank in satisfaction of the deficiency on the foreclosure. This order closes with these words:

"Whereupon the said Fred H. Gannon will be discharged as such receiver and his bond exonerated from further liability therein."

Upon the entering of this order said receiver was allowed a stay of proceedings until the 27th of September, 1918. What the purpose of this stay was does not appear from the record before us, but, as certain items had been disallowed, we assume it was to enable him to appeal to this court. He took no appeal, however, but the Cranmers did appeal to this court from that portion of the order allowing the payments to the First National Bank on the judgment. The decision of this court on their appeal is reported in the case of First National Bank v. Cranmer et al, 42 S. D. 404, 175 N. W. 881. This court reversed the action of the circuit court in applying these items, and rendered judgment directing the said receiver to pay to the Cranmers items of $307.85, with interest at 7 per cent from the date of the judgment on foreclosure, and $117.62, with interest at 7 per cent from the date of the judgment appealed from. This judgment is dated the 5th day of January, 1920, and judgment on the remittitur was filed in the office of the clerk of the circuit court on March 1, 1920. It would seem that the litigation should have ended here, but it did not.

On the 28th day of September, 1918, one J. H. Suttle commenced an action against the Cranmers to recover approximately $1,400, and named the receiver, Fred H. Gannon, as garnishee. Said garnishee ,the receiver, answered, denying that he had in his possession money or property belonging to the Cranmers, and in said answer set forth the receivership proceedings referred to, stating that he had in his possession as such receiver $1,608.98; that an order had been entered by the court in the foreclosure action directing him to pay said money to the Cranmers; that prior thereto there had been exhibted to him a written assignment purporting to be executed by the Cranmers assigning the funds in his hands as receiver to the Tabour Realty Company, which assignment he ignored; that, at the time the order was entered directing the receiver to turn the funds over to the Cranmers, one Goodman, an attorney at law, acted for and represented the Cranmers, and was also attorney for the Tabour Realty Company, assisting in procuring said order of September 4, 1918, all of said parties having knowledge of said purported assignment of said funds to the Tabour Realty Company; that demand had been made for payment of said funds to the Tabour Realty Company; that said receiver did not know to whom said money belonged, whether to the Cranmers, to the Tabour Realty Company, or whether accountable as garnishee in the action by Suttle against the Cranmers; and that he would pay the money as directed by the court. During the progress of this case the receiver was ordered to pay the sum of $1,608.98 into court, and this sum was paid by him to N. E. Nelson, clerk of the circuit court. This fund so paid over to the clerk has been the source of litigation in an action entitled Tabour Realty Co. v. Nelson and Suttle, which has been to this court once on demurrer, and is reported in 44 S .D. 369, 184 N. W. 196. The same action has again appeared on the calendar of this court as No. 5346 (Tabour Realty Co. v. Nelson, 207 N. W. 97).

A contempt proceeding against the receiver was instituted in October, 1918, and an original action in mandamus was instituted in this court against the circuit judge, but it is not necessary to set these actions out in detail. This action at bar is to recover the amount of the judgment rendered against the receiver in this court on the 1st of March, 1920, for $307.95 and $117.62, with

interest, and interest on the $1,608.98 while held by the receiver. Each defendant answered separately, but their answers are substantially the same. They deny all the allegations of the complaint, except they admit the execution of the receiver's bond and the appointment of the receiver. For an affirmative defense they pleaded that the amount of the funds in the hands of the receiver, Fred H. Gannon, is undetermined, alleging that on or about the 27th of May, 1921, the court directed the receiver to file a report of his expense and attorney fees incurred after the approval of his final report. For a further defense they pleaded that the plaintiff is not the real party in interest nor the owner of the claim sued upon, claiming that the purported assignment to the plaintiff was made to defraud creditors, and was without consideration and void. The plaintiff and the Cranmers are now and at all times mentioned were, residents of Minnesota. The receiver was at all times, when represented by counsel, represented by one Van Slyke, and the firm of which he was a member; the firm name being first Van Slyke & Bartlett, and afterwards Van Slyke & Agor. These firms were throughout the litigation representing parties to the various suits. The case was tried to a jury, but at the close of the testimony both parties to the suit moved for a directed verdict. The court thereupon took the matter from the jury, and made findings of fact and conclusions of law. The court found that, after the decision of the Supreme Court modifying the judgment of the circuit court increasing the amount to be paid by the receiver, the said receiver was cited to appear and show cause why he should not be required to pay over to the Tabour Realty Company all the funds in his hands as such receiver, and that at that time the receiver submitted an affidavit showing that by the wrongful acts of the Cranmers and plaintiff he had incurred additional expense after the filing of his final report, and that the court allowed him to file an additional report, which had not yet been heard; that no order of the court was made permitting plaintiff to bring suit in this action; that the assignment to plaintiff was fraudulent and void, and concluded that the Tabour Realty Company is not the real party in interest, and is not a bona fide purchaser for value of the claim upon which plaintiff's suit is based; that the action was prematurely brought; and that judgment upon all the issues should be for the defendants. We do not deem it

necessary to consider the assignments of error separately, but will consider them together and as a whole.

[1, 2] The receiver does not claim that the money in his hands has been garnished or in any other manner accounted for by him, except that he says, after the approval of his final report by the court, he was put to additional expense, and has filed another account with the court for an allowance of these expenses; that the court has not made a final order upon his last account, and for that reason this action is premature, and will not lie until such matter is disposed of. There is no modification of the order made by the Supreme Court nor any attempt to modify it. An examination of his account which he wants to have allowed discloses that the receiver employed Van Slyke & Bartlett to represent him on the appeal of the Cranmers objecting to the payments made on the deficiency judgment of the First National Bank. As Van Slyke & Bartlett were attorneys in that case for said bank, and the bank was primarily interested, while the receiver was in no manner interested in the result of that appeal, we can see no reason why he should have employed counsel or made any expense or resistance. If he became partisan instead of retaining his rightful position as a disinterested officer of the court, he cannot recover his expenses out of the funds in his hands which he should have been protecting instead of dissipating in this manner. Van Slyke & Bartlett were not proper attorneys to represent the receiver, if he had needed representation. Veith v. Ress, 60 Neb. 52, 82 N. W. 116; Adams v. Woods, 8 Cal. 306; 23 Am. Eng. Enc. Law, 1069; Face v. Hall, 183 Mich. 22, 148 N. W. 777; Parsons et al, v. Rinard Grain Co. et al, 186 Iowa 1917, 173 N. W. 276.

[3-5] A further examination of the account which the receiver desires to have charged against the funds in his hands discloses that in each and every case a large part of such charges, several hundred dollars, are for attorney fees paid to the firm of which Van Slyke was a member, either in cases in which he (the receiver) was not interested and under no obligation to defend, or in resisting actions to compel him to obey the order. There was no occasion for another report; he had no right to an allowance for additional expenses. The court had dispensed with his services, and nothing remained for him to do but settle his trus-

teeship. The mere fact that he obtained on order permitting him to file such report and that it had not been acted upon did not render this proceeding premature. Upon the filing of his final report and its approval and settlement the matter became adjudicated, and neither this court nor the circuit court can disturb that adjudication, except in a direct action upon well-established legal principles. If the final report made by him and litigated in both the circuit and Supreme Courts, standing unassailed and unmodified, is not final, we cannot see how a report of his can be made final. As to the findings of the court that the plaintiff is not the real party in interest, and that the funds were assigned to the plaintiff by the Cranmers in fraud of creditors, it is obvious that this finding supports no defense. There are no creditors, parties to this action, claiming the funds, and it is no concern of the receiver's if the assignment was made in fraud of creditors or without consideration. If the money in the hands of the receiver should have been applied to the payment of debts owing to creditors of the Cranmers, there was a plain and adequate remedy available to such creditors, and the receiver had no right to intermeddle. The Supreme Court of Iowa, in the case of State Central Savings Bank v. Ball-Bearing Chain Co., 118 Iowa 703, 92 N. W. 714, aptly says:

"The primary object is the preservation of the property, and every person undertaking the duties of a receivership must be assumed to appreciate the main and controlling purpose to be subserved in his selection. It is no injustice to him, then, that the object of his appointment be kept in mind in adjusting his accounts, and that courts, after seizing the property of litigants, will not approve of its dissipation in useless expenses."

The circuit court erred in rendering judgment for defendants, and the judgment must be reversed and the cause remanded.

The judgment and order overruling motion for new trial are reversed and the cause remanded.

Note.—Reported in 207 N. W. 94. See, Headnote (1), American Key-Numbered Digest, Receivers, Key-No. 194, 34 Cyc. 464; (2) Attorney and client, Key-No. 20, 6 C. J. Sec. 105; (3) Receivers, Key-No. 203, 34 Cyc. 452; (4) Receivers, Key-No. 203, 34 Cyc. 482; (5) Fraudulent conveyances, Key-No. 205, Receivers, 35 Cyc. 508.