TABOUR REALTY COMPANY, Appellant, v. NELSON et al,
Respondents.

(207 N. W. 97.)

(File No. 5346.   Opinion filed January 23, 1926.)

1.  **Judgment—Garnishment—Assignee of Funds Belonging to Mortgagor in Hands of Receiver Not Bound by Judgment in Garnishment Against Receiver to Which He Was Not a Party.**

    Assignee of funds belonging to mortgagor in hands of receiver, who was not a party to suit in garnishment against receiver, was not bound by judgment rendered therein.

2.  **Deposits in Court—Parties—Clerk of Courts—Clerk, Who Paid Money Deposited with Him in Garnishment Proceedings, Would Have No Protection Against Assignee of Funds, Who Was Not Made Party to Action.**

    Clerk of court, who paid money deposited with him in garnishment proceedings after order of court, who had knowledge of claim of assignee of said funds, and who made no effort to call court's attention to its want of judisdiction to bind assignee, who was not party to suit, would have no protection against rights of assignee.

3.  **Fraudulent Conveyances—Proof that Assignment Was Made in Fraud of Creditors Held Insufficient to Warrant Directed Verdict.**

    Proof that assignment by mortgagor of funds in hands of receiver was in fraud of creditors held insufficient to warrant a directed verdict.

Appeal from Circuit Court Brown County; Hon. B. A. WAL-
TON, Judge.

Action by the Tabour Realty Company against N. E. Nelson, as Clerk of the Circuit Court of Brown County, and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*Amos N. Goodman,* of Aberdeen, for Appellant.
*Van Slyke & Agor,* of Aberdeen, for Respondents.

BURCH, C.  [1, 2]  Plaintiff brings this action to recover money collected by the receiver in the case of First National Bank v. Emma A. Cranmer et al.   While the money was in the hands of the said receiver, J. H. Suttle commenced garnishment proceedings against the Cranmers, and named the said receiver as garnishee defendant.   Before that action was terminated the re-

ceiver paid the money to the clerk of court, N. E. Nelson, and said Nelson paid the money to J. H. Suttle. This action is brought against the said Nelson and Suttle by the Tabour Realty Company, claiming as assignee of the fund. This case was before this court on a demurrer to the complaint; the opinion being reported in 44 S. D. 369, 184 N. W. 196, and the facts are therein set forth in detail. We will not renew the statement of facts here, but refer the reader to the above-mentioned opinion for such facts. After the remittitur was sent to the circuit court overruling the demurrer to the complaint, the defendants filed separate answers. An estoppel was pleaded, based principally upon the judgment rendered in the garnishment suit. Plaintiff was not a party to that suit ,and was therefore not bound by such judgment. If the plaintitff Suttle in the garnishment proceeding wanted the plaintiff bound in that action, he might have brought the corporation in by summons. Not having done so, he cannot complain. It was not bound to voluntarily appear. This question has been disposed of by the decision on demurrer above mentioned. No additional facts were pleaded sufficient to work an estoppel.

[3] Defendants pleaded that this action is premature, by reason of the fact that the receiver obtained leave to file an additional report, which has not been finally acted upon. This question is disposed of in the case of Tabour Realty Co. v. Gannon, 49 S. D. —, 207 N. W. 94, handed down herewith. The clerk pleads that he acted as an officer of the court, upon its orders, and is therefore not bound. He had knowledge of plaintiff's claim. The court had no jurisdiction to bind plaintiff, and as to plaintiff such order was void. The clerk made no effort to call the court's attention to its want of jurisdiction and to have the order recalled. Against the rights of plaintiff such order could afford him no protection. The only defense worthy of any consideration is that the assignment was made in fraud of creditors. This, if proven and found by the court, would have constituted a defense to the action. Reference to the findings of the court discloses that the matter is not covered in said findings. A review of the evidence discloses nothing to support a finding if one had been made. Defendants did not attempt to introduce any evidence of the fraudulent character of the transfer. Two or three questions propounded to the witness Tabour, material on this point, were objected to by the de-

fendants and excluded by the court. Defendants offered no proof on this defense. The action was tried to a jury, but at the close of all the testimony both parties moved for an instructed verdict, and the court took the case from the jury, and decided it in favor of the defendants. The proof did not warrant this action. The evidence is abundantly sufficient and practically undenied in support of the allegations of the complaint, and, no defense having been interposed, the court should have made findings of fact, conclusions of law, and rendered judgment in favor of plaintiff. The receiver was an officer of the plaintiff bank in the receivership action. The vexatious litigation in this case is an eloquent example of the impropriety of appointing as receiver an interested party, who may accept pernicious and dangerous advice from attorneys of one party to the action. One action to try the ownership of the funds with all claimants before the court should have been sufficient.

The judgment and order overruling motion for new trial of the lower court are reversed, and the cause remanded.

Note.—Reported in 207 N. W. 97. See, Headnote (1), American Key-Numbered Digest, Judgment, Key-No. 683, 34 C. J. Sec. 1442; (2) Deposits in court, Key-No. 8, 18 C. J. Sec. 50.