NORWEST BANK NEBRASKA, N.A., TRUSTEE, APPELLEE, V.
BELLEVUE BRIDGE COMMISSION, A PUBLIC BODY CORPORATE AND
POLITIC, APPELLANT.
607 N.W.2d 207

Filed February 15, 2000.   No. A-99-006.

Thomas Blount, of Bertolini, Schroeder & Blount, for appellant.

E. Dean Hascall for appellee.

HANNON and SIEVERS, Judges, and BLUE, District Judge, Retired.

HANNON, Judge.

## INTRODUCTION

A bank sued a bridge commission on revenue bonds which were in default and requested that the district court appoint a receiver to manage the commission's affairs. The district court appointed a former employee of the commission as receiver, and

the commission appeals, alleging that the district court erred in (1) denying its motion to continue because it received only 5 days' notice of the hearing and was unable to procure all of the commission's records from the former employee and (2) appointing the former employee as receiver, because he was an interested person in the lawsuit. We hold that the district court abused its discretion in appointing the employee as receiver due to his conflicts of interest stemming from tension between himself and the administration, his wife's residual interest in a trust which was a creditor of the commission, and his financial interest in several of the commission's depositories. Accordingly, we reverse, and remand.

## SUMMARY OF EVIDENCE

This is the second time we review this case on appeal. We refer to the statement of facts given in our prior decision, *Norwest Bank Neb. v. Bellevue Bridge Comm.*, 7 Neb. App. 750, 585 N.W.2d 505 (1998), and describe here only general background and the additional facts relevant to deciding the issues now appealed.

The Bellevue Bridge Commission (Commission) is a public body corporate and politic created in 1950 in Bellevue, Nebraska, pursuant to Neb. Rev. Stat. § 39-868 (1943). The Commission issued revenue bonds, due in 1980, to finance the construction of a toll bridge over the Missouri River, connecting Bellevue and the State of Iowa. The Commission is governed by commissioners who are appointed by the mayor and who are assisted by a secretary and a treasurer employed by the Commission.

The Commission employed Jeffrey Renner as secretary from approximately 1985 through 1996. In 1996, the then current mayor of Bellevue made new appointments to the Commission. Until that time, Renner had been active in running the day-to-day operations of the Commission through practices and procedures established for some time by the former administration. Upon taking their positions, the new commissioners reviewed the Commission's structure and operation and made several changes.

Shortly after the new commissioners were appointed, Norwest Bank Nebraska, N.A. (Norwest), the registered holder on many of the revenue bonds and trustee for other bonds, initiated a suit in district court to appoint a receiver for the Commission based on the fact that the Commission was in default on the bonds and had been in default for some time. Norwest sued to have Renner appointed as receiver. The district court appointed Renner as the receiver, and the first appeal to this court ensued. We reversed for jurisdictional reasons, and remanded. The present suit followed, in which Norwest applied to have Renner appointed as receiver in a suit to collect on the bonds. The Commission objected to Renner because of the tension between Renner and the new administration and because Renner had a financial interest in the position. After a hearing on the merits, the district court once again appointed Renner as receiver for the Commission, and the Commission now appeals.

## ASSIGNMENTS OF ERROR

The Commission alleges that the district court erred in (1) denying its motion for a continuance of the hearing on the application for receiver and (2) appointing Renner, an interested person, as receiver. Due to our ruling on Norwest's second assignment, the first assignment becomes moot and we therefore do not address it.

## STANDARD OF REVIEW

An appellate court reviews the appointment of a receiver de novo on the record for an abuse of discretion. See *Federal Land Bank of Omaha v. Victor*, 232 Neb. 351, 440 N.W.2d 667 (1989). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

## ANALYSIS

We begin by noting that the Commission's assignment of error complains only of Renner's appointment as receiver and not whether a receiver should have been appointed in the first place. Accordingly, we limit our review to the former issue only.

■ With respect to whether a specific individual is or is not qualified to act as a receiver, Neb. Rev. Stat. § 25-1086 (Reissue 1995) states in pertinent part that "[n]o person shall be appointed receiver who is party, solicitor, counsel, or in any manner interested in the suit." The question in this case then becomes whether Renner is interested in the suit in any manner. If he is, then his appointment constitutes an abuse of discretion and we must reverse.

Only two cases in this jurisdiction have decided issues under § 25-1086. In *Kellner v. Kellner*, 8 Neb. App. 316, 593 N.W.2d 1 (1999), this court held that the district court erred in a divorce action by, inter alia, ordering the wife to manage the sale of all the marital assets and deposit a check with the court for one-half of the amount received. Likening the situation to the appointment of a receiver, we reasoned:

> Interestingly, the receiver statutes provide that no person shall be appointed a receiver who is a party, solicitor, or in any manner interested in the suit. See Neb. Rev. Stat. § 25-1086 (Reissue 1995). That provision would seem to be a sound rule, whatever the name of the person appointed by a court to perform a function for the court. After all, when the law clearly provides that an attorney, an officer of the court, cannot have even the appearance of a conflict of interest, courts should not appoint a layperson with an obvious conflict to perform a function for the court.

*Kellner*, 8 Neb. App. at 335-36, 593 N.W.2d at 14. Accordingly, the wife was an inappropriate person to conduct a judicial sale of marital property in the divorce suit.

In *Vieth v. Ress*, 60 Neb. 52, 82 N.W. 116 (1900), the trial court appointed an attorney for one of the parties of the suit as counsel for the receiver. The Nebraska Supreme Court reversed, holding that the duties and demands on an attorney in such a position would " 'be likely to impose upon him conflicting and inconsistent duties, such as can not be properly performed by one person.' " *Id.* at 56, 82 N.W. at 118. "The interests of the debtor and creditor are conflicting, and the same attorney can not with propriety act for the receiver who represents both." *Id.* at 55, 82 N.W. at 117.

■ Here, both parties cite 75 C.J.S. *Receivers* § 71 at 721-22 (1952), which states:

> When there are adversary rights to be determined, a person appointed receiver should be indifferent between claimants or litigants; and it is laid down as a general principle that a receiver should be impartial and disinterested. No one should be appointed who is in such circumstances, or would by the appointment be placed in such a dual position that there must arise conflicts between his personal interest and his duty as receiver, or whose duty it might be at some time to call the receiver to account. Effect must be given to statutes which provide that no person interested in an action shall be appointed receiver therein, except by the consent of all parties, even though the interest of the proposed appointee is slight, since the statute requires no particular degree, extent, or quality of interest. . . .
>
> . . . The fact that a proposed appointee is a relative of either party is not in itself an absolute disqualification, but is to be considered in connection with the other circumstances in determining whether it is proper to appoint him.

We believe this language expresses the correct rule of law and is in keeping with the holdings of *Kellner* and *Vieth*.

The record shows that Renner has several connections to the operation of the Commission that are relevant to assessing his qualifications for receiver. First, Renner was formerly employed by the Commission as its secretary for over 10 years. During most of his tenure, Renner singlehandedly ran the Commission at the behest of the commissioners. However, when 1996 brought about a change in commissioners, Renner found himself more limited under the new administration, and the record seems clear that there was a degree of tension between Renner and the new commissioners. The chairperson of the Commission testified that he believed Renner had improperly discharged the duties of secretary, and even Renner's testimony showed that frustration existed between himself and the chairperson. We do not believe that mere coincidence explains that the application for a receiver came shortly after the change in administration and that Renner's role as receiver puts him in a similar position as the one he held under the former administration.

Second, Renner's wife is the secondary beneficiary to a trust created by her father, R. Joe Dennis, who is with the Freeman Company, a real estate and building company. Dennis created the trust, which holds some of the revenue bonds, and appointed Norwest as trustee. Also, Renner offices in the Freeman Company's building and uses its letterhead, but Renner and Dennis both denied that Renner was employed by or otherwise connected to the company. Additionally, Renner and Dennis were involved in initiating Norwest's suit in this case.

Finally, Renner is on the board of directors for Teambank and owns stock in the bank. The Commission has several accounts in the bank totaling over $600,000. Renner also owns stock in Norwest and Team Financial, which are also depositories for the Commission.

After the trial court found that appointing a receiver was appropriate in this case, it specifically addressed Renner's qualifications. While the trial judge's comments from the bench recognized that Renner had some connection or interest in the matter being litigated, the trial judge nonetheless appointed Renner as receiver because the judge did not find them significant and, in any event, found that Renner had been performing well as receiver already. The record, as well as the judge's own comments, reflects that Renner has an interest in this case. He is connected by former employment, which appears to have ended with tension; by investment and financial interest; and by familial ties.

We can understand the trial court's reasoning regarding the fact that Renner has apparently performed well as receiver to this point. In fact, one of the trust attorneys for Norwest testified that the bank was pleased with Renner's performance. However, the language of § 25-1086 cannot be ignored. If a person is in any manner interested in the suit, then that person is not qualified to act as receiver. "[I]n popular parlance, the word 'any' usually means all or every." *In re Interest of Powers*, 242 Neb. 19, 23, 493 N.W.2d 166, 169 (1992). The clear statutory language, the reasoning behind the rule, and the facts of this case make clear that Renner cannot act as receiver for the Commission. Appointing him to such a role, even with his for-

mer success in the assigned duties, contradicts § 25-1086 and was therefore an abuse of discretion.

## CONCLUSION

For the foregoing reasons, we reverse the order of the district court appointing Renner as receiver and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.