IN RE ESTATE OF MILDRED MORSE, DECEASED.
DANIEL V. MORSE, PERSONAL REPRESENTATIVE OF THE ESTATE OF
MILDRED MORSE, DECEASED, APPELLEE, V. DAKOTA COUNTY,
APPELLANT.

486 N.W.2d 195

Filed July 10, 1992.   No. S-91-809.

Kurt A. Hohenstein, Dakota County Attorney, for appellant.

Maxine M. Buckmeier, of Corbett, Anderson, Corbett, Poulson, Flom & Vellinga, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

The county court determined that the petitioner-appellee, Daniel V. Morse, personal representative of the estate of Mildred Morse, deceased, had a $2,208.34 inheritance tax liability to the respondent-appellant, Dakota County, Nebraska. Claiming the actual liability to be $45,868.45, the county appealed to the district court, which affirmed the county court's determination. In this court the county asserts, in summary, that the district court erred by mischaracterizing the familial relationship of the decedent to the distributees hereinafter described. We affirm.

The decedent married Rex Morse on October 29, 1947, when she was 46 years old; the record does not reflect the husband's age. The decedent had no children of her own, and the marriage produced none. However, the husband had four adult children from an earlier marriage.

At the time of the husband's intestate death on March 14, 1984, all of his assets were owned jointly with the decedent, who died testate on January 26, 1989. The decedent bequeathed the bulk of her estate in equal shares to her husband's four children. She had also owned certain property jointly with her husband's five grandchildren. Her holdings, including the jointly held property, totaled $295,061.95.

On October 27, 1989, the personal representative petitioned the county court for a determination of the inheritance tax and on the same day, on the assumption that the decedent had no legally recognized familial relationship to the distributees, paid the anticipated tax of $45,868.45 to the county. A hearing on the determination of said tax was set for November 20, 1989.

So far as the record reflects, no action was taken on November 20, 1989. However, on December 20, 1990, the personal representative, now claiming the distributees were to be treated as the children and grandchildren of the decedent, filed a motion under the authority contained in Neb. Rev. Stat. § 77-2018 (Reissue 1990) for a $43,660.11 refund on the taxes paid.

Neb. Rev. Stat. § 77-2004 (Reissue 1990) provides in pertinent part:

In the case of a . . . son, daughter [and] any lineal descendant . . . the rate of tax shall be one percent of the clear market value of the property in excess of ten thousand dollars received by each person. Any interest in property . . . which may be valued at a sum less than ten thousand dollars shall not be subject to tax.

Neb. Rev. Stat. § 77-2005 (Reissue 1990) declares:

In the case of an uncle, aunt, niece, or nephew related to the deceased by blood or legal adoption, or other lineal descendant of the same, or the spouse or surviving spouse of any of such persons, the rate of tax shall be six percent of the clear market value of the property received by each person in excess of two thousand dollars and not exceeding sixty thousand dollars; and on all the excess over sixty thousand dollars, the rate of tax shall be nine percent.

Neb. Rev. Stat. § 77-2005.01 (Reissue 1990) reads, in

relevant part:

> For the purposes of sections 77-2004 and 77-2005, relatives of the decedent shall include relatives of a former spouse to whom the decedent was married at the time of the death of the former spouse and relatives of a spouse to whom the decedent was married at the time of his or her death.

The county contends that §§ 77-2004 and 77-2005.01 are in conflict and must be construed such that, contrary to the ruling of the district court, stepchildren and stepgrandchildren are not entitled "to a status equal to natural blood children and grandchildren of the deceased." More specifically, the county urges that as § 77-2005.01 "relates to both Section 77-2004 and 77-2005" and "[t]here is nothing in Section 77-2005.01 which specifically states that step-children or step-grandchildren shall be taxed at the rates only in Section 77-2004," brief for appellant at 8, the distributees must be taxed at the higher rate set out in § 77-2005. As the question presented is one of law, this court has an independent obligation to reach a correct conclusion. *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992).

Contrary to the county's position, § 77-2005 is not implicated, and there is no conflict between §§ 77-2004 and 77-2005.01. So far as the question presented is concerned, §§ 77-2004 and 77-2005 define the tax treatment to be accorded the relatives of a deceased person. Section 77-2005.01 extends the same treatment to the relatives of a former spouse to whom the deceased person was married at the time of the spouse's death. Thus, § 77-2005.01 expands the operation of §§ 77-2004 and 77-2005, but § 77-2005.01 in no sense conflicts with either of the other two statutes.

The applicable rule is that a court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. See, *State on behalf of J.R. v. Mendoza*, 240 Neb. 149, 481 N.W.2d 165 (1992); *Miller v. Goodyear Tire & Rubber Co.*, 239 Neb. 1014, 480 N.W.2d 162 (1992).

AFFIRMED.