IN RE INTEREST OF LAWRENCE J. POWERS, ALLEGED TO BE A MENTALLY ILL DANGEROUS PERSON.
STATE OF NEBRASKA, APPELLEE, V. LAWRENCE J. POWERS, APPELLANT.
493 N.W.2d 166

Filed December 11, 1992.   No. S-90-206.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Sara Fullerton, Deputy Lancaster County Attorney, for appellee.

Rebecca M. Peterson and A. Jocelyn Ritchie for amicus curiae Nebraska Advocacy Services, Inc.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

The movant, Lawrence J. Powers, appeals the district court's affirmance of the Lancaster County Mental Health Board's denial of a due process hearing on his motion for a review of his status. He asserts that the district court erred in that, among other things, the relevant statutory scheme provides for such a hearing. That assignment of error having merit, we reverse, and remand with direction.

On January 13, 1986, the State filed a petition under the Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 83-1001 through 83-1078 (Reissue 1987 & Cum. Supp. 1992), alleging that Powers was mentally ill, dangerous to others, and unable to meet his basic human needs. More specifically, the State alleged that Powers was psychotic and assaultive and had, on January 11, 1986, assaulted and seriously injured his wife.

Powers admitted the foregoing allegations at a hearing held before the board on January 23, 1986. The board, finding that neither voluntary hospitalization nor other less restrictive treatment alternatives were available, thereafter ordered Powers committed to the care and custody of the Department

of Public Institutions for treatment, where he has remained under a variety of treatment plans.

On July 18, 1989, Powers filed a motion asking that the board review the matter at a hearing, asserting that he was no longer mentally ill and dangerous, that he no longer posed a danger of assaultive behavior, and that a less restrictive plan was now available, as he could benefit from outpatient treatment. On the following day, the board denied the motion, ruling that it lacked statutory authority to grant a hearing upon the request of the committed individual, otherwise referred to in the relevant statutes as the subject.

Powers contends, among other things, that contrary to the determination of the district court, § 83-1046 grants the board authority to hold a review hearing upon the subject's motion.

On the other hand, the State urges that while § 83-1046 empowers the board to terminate or change a subject's treatment plan whenever it is shown that cause for doing so exists, the means by which cause is to be shown is by providing the board the periodic progress reports contemplated by § 83-1045, and that neither statute authorizes, much less requires, the board to conduct a hearing on a subject's own motion for a change.

Section 83-1045 reads:

> The official, agency or other person designated by the mental health board . . . to be responsible for the subject's individualized treatment plan shall submit periodic progress reports to the board, which board shall distribute copies to other interested parties. Each progress report shall summarize progress which has been made under the plan and shall state whether the treatment plan has been modified. Such progress reports shall be filed with the board for review and inclusion in the subject's board file, and served upon the county attorney, the subject and his or her counsel, if he or she has counsel, and his or her parent or legal guardian, if he or she is a minor or legally incompetent, within ten days of the submission of the individualized treatment plan of a subject whose order of final disposition requires full-time inpatient hospitalization or custody. Such progress reports shall be so filed

and served, in the cases of all subjects undergoing board-ordered treatment . . . no less frequently than every ninety days following the filing of their initial individualized treatment plans for a period of one year from the date of such filing and every six months thereafter.

Section 83-1046 provides:

Whenever it shall be shown, by any person, to the satisfaction of the mental health board that either cause no longer exists for the care or treatment or a less restrictive alternative exists for a person committed as a mentally ill dangerous person, the mental health board shall order the immediate discharge of that person or change the treatment disposition. When a change in disposition is in issue, due process protections afforded under this act shall attach to the subject.

In the State's view, an aggrieved subject's remedy is through § 83-1066, which provides, in relevant part, that subjects "shall have the right . . . (9) To file, either personally or by counsel, petitions or applications for writs of habeas corpus for the purpose of challenging the legality of such subject's custody or treatment."

We begin our analysis by noting that statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent correct conclusion irrespective of the determination made by the trial court. See, *Young v. Dodge Cty. Bd. of Supervisors, ante* p. 1, 493 N.W.2d 160 (1992); *Sarpy County v. City of Springfield*, 241 Neb. 978, 492 N.W.2d 566 (1992); *First Nat. Bank v. Heiden*, 241 Neb. 893, 491 N.W.2d 699 (1992); *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992).

As recently reaffirmed, a court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *In re Estate of Morse*, 241 Neb. 40, 486 N.W.2d 195 (1992). Additionally, when considering a series or collection of statutes pertaining to a certain subject matter which are in pari materia, they may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent

and sensible. *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991). Moreover, when asked to interpret a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense; moreover, it is the court's duty, if possible, to discover the Legislature's intent from the language of the statute itself. See *Sarpy County v. City of Springfield, supra*.

Section 83-1066(1) provides that unless declared incompetent by an appropriate authority, a subject has the right to be considered legally competent for all purposes. As there is no claim that any authority has declared Powers to be incompetent, he is unquestionably, as he contends, a "person" as contemplated by § 83-1046. Moreover, in popular parlance, the word "any" usually means all or every. *In re Estate of Tjaden*, 225 Neb. 19, 402 N.W.2d 288 (1987). Thus, contrary to the State's contention, Powers is among those who, under the express terms of § 83-1046, may show the board that cause exists for release or for a change in his treatment.

The State's claim that there nonetheless exists no statutory language authorizing a hearing to make such a showing under the circumstances present here ignores the last sentence of § 83-1046, which attaches to a subject the "due process protections afforded under [the] act" when a "change in disposition is in issue." An issue has been defined as a disputed point or question which the parties to a proceeding desire the tribunal to decide. See *Com. v. Willow Grove Veterans Home Ass'n*, 97 Pa. Commw. 391, 509 A.2d 958 (1986), *questioned on unrelated matter, Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990). Since through his motion Powers claims he is no longer mentally ill such as to be dangerous to others and seeks to have his treatment plan changed, Powers has clearly put in issue the appropriateness of a change in disposition, a matter within the board's jurisdiction.

Section 83-1047 provides that in "addition to the rights granted subjects of petitions by any other provisions of this act, such subjects shall be entitled to the rights provided in sections 83-1048 to 83-1064 during proceeding*s* against them under this act." (Emphasis supplied.) The reference therein to more than

one proceeding demonstrates that Powers did not stop being the subject of a petition merely because a hearing had been held when he was first proceeded against. Moreover, while § 83-1048 reads only that the "subject of a petition shall, in advance of the hearing," be entitled to certain enumerated rights relating to notice, § 83-1055 contemplates subsequent hearings by reciting that "[a]ll mental health board hearings under" the act shall be closed to the public. (Emphasis supplied.) As further examples, § 83-1059 provides, among other things, that the "rules of evidence applicable in civil proceedings shall be followed *at all hearings*" held under the act, and § 83-1061 provides that "[a]ll proceedings held" under the act be of record. (Emphasis supplied.)

Thus, the act clearly and plainly contemplates that due process be afforded at hearings other than the one held upon the filing of the initial petition.

That a subject has the right to challenge the board's determinations by writ of habeas corpus does not mean that the subject has no right to a hearing before the board on his or her own motion for a change in the manner he or she is treated.

Accordingly, the judgment of the district court is reversed with the direction that it remand the cause to the board for further proceedings consistent with law.

REVERSED AND REMANDED WITH DIRECTION.