9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Edward James KULA, Appellant,
v.
STATE of Nebraska; Alan McElravy; Robert O. Cutshall,
M.D., Appellees.
 No. 93-2246.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 29, 1993.
Filed: October 25, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edward James Kula appeals from the district court's[1] order dismissing his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Kula, represented by counsel, filed this suit against the State of Nebraska; Alan McElravy, Superintendent of Norfolk Regional Medical Center (Norfolk); and Robert O. Cutshall, M.D., Senior Staff Psychiatrist at Norfolk, seeking compensatory and punitive damages. Kula asserted that, shortly after his involuntary commitment at Norfolk, "he was no longer a 'mentally ill dangerous person,' " and thus, "should have been immediately released." He also asserted that the Norfolk staff denied him medical care, monitored his telephone calls and his mail, denied visitation by members of his family, refused to let him leave the premises, held him in maximum security, and forced him to take experimental drugs. Defendants moved to dismiss, and Kula did not respond. The district court dismissed Kula's complaint under Federal Rule of Civil Procedure 12(b)(6). Kula timely appealed.
 
 
 3
 We review de novo the district court's dismissal of Kula's complaint under Rule 12(b)(6). See Concerned Citizens of Neb. v. United States Nuclear Regulatory Comm'n, 970 F.2d 421, 425 (8th Cir. 1992). We must construe the allegations in the complaint in the light most favorable to Kula, see id., and should not approve dismissal of his complaint for failure to state a claim unless "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted).
 
 
 4
 Sovereign immunity bars Kula's claims against the State of Nebraska. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984) (Eleventh Amendment proscribes suit against State absent unequivocal waiver).
 
 
 5
 Kula failed to state a claim against defendants McElravy and Cutshall. Only the Mental Health Board could have made the decision to release Kula. See Neb. Rev. Stat. Secs. 83-1018, 83-1035 to 83-1037 (1987). The Board has authority to order discharge or change treatment if a patient claims to be no longer mentally ill and dangerous. Neb. Rev. Stat. Sec. 83-1046 (1987). Patients may also request review hearings. See In Re Interest of Powers, 493 N.W.2d 166 (Neb. 1992). Because only the Board can make a decision as to commitment, release, or treatment alternative, Kula cannot prove any set of facts in support of his claim that defendants should have released him earlier and that they denied him less restrictive treatment.
 
 
 6
 Kula attempts to hold defendants liable as to all other claims for the acts of other officials under their supervision. Section 1983 claims cannot be based on the theory of respondeat superior, Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990), and Kula did not allege that these defendants were personally involved in any constitutional deprivations.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska