KATHLEEN M. GRADY, APPELLANT, v. VISITING NURSE ASSOCIATION, APPELLEE.

524 N.W.2d 559

Filed December 2, 1994.    No. S-94-128.

Steven Lefler and Frederick D. Franklin, of Lefler & Franklin, for appellant.

Timothy W. Marron, of Timmermier, Gross & Burns, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

BOSLAUGH, J., Retired.

This is an appeal from an order of the Nebraska Workers' Compensation Court which held that the plaintiff, Kathleen M. Grady, had not proved that she was entitled to any disability compensation or payment of medical expenses. The compensation court dismissed the petition with prejudice, and the plaintiff applied for a review of the decision by a panel of three compensation court judges. The panel affirmed the order, and the plaintiff has appealed to this court.

The plaintiff was employed as a home health care worker by the appellee, Visiting Nurse Association (VNA). On July 30, 1991, the plaintiff suffered a back injury while lifting a patient. She filed a petition in the compensation court on June 1, 1992, seeking compensation for her injuries. VNA answered the petition, denying that the plaintiff had suffered a compensable accident during the course of her employment.

The matter, which had been set for trial on March 31, 1993, was continued until June 25, 1993, at the plaintiff's request. The plaintiff requested a second continuance, which was denied. The day before the trial was to begin, the plaintiff filed a motion for dismissal without prejudice. This motion was also denied. In denying the plaintiff's motion, the compensation court relied upon Neb. Rev. Stat. § 48-177 (Reissue 1993). That statute provides in part: "Upon a motion for dismissal duly filed by the plaintiff, showing that a dispute between the parties no longer exists, the compensation court may dismiss any such cause without a hearing thereon." This section, which applies specifically to the Workers' Compensation Court, only allows the dismissal of a case by a plaintiff if the plaintiff shows that no controversy exists between the parties. This provision was added by an amendment to the Workers' Compensation Act in 1949. 1949 Neb. Laws, ch. 161, § 5, p. 413. The title to the act provided: "An act . . . to provide a procedure for dismissal of causes . . . ." The plaintiff elected not to participate in the trial.

VNA offered exhibits which were received into evidence by the compensation court. The compensation court issued an order dismissing the petition. This ruling was upheld on review by the three-judge panel.

The plaintiff has appealed from the ruling of the Workers'

Compensation Court, assigning as error, in summary, the following acts of the court: (1) the denial of her motion for a continuance, (2) the denial of her motion for dismissal without prejudice, and (3) the dismissal of her petition with prejudice. We address the alleged errors seriatim.

Generally, a motion for a continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Stewart v. Amigo's Restaurant*, 240 Neb. 53, 480 N.W.2d 211 (1992); *Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56 (1988).

Under Workers' Comp. Ct. R. of Proc. 8 (1994), "[n]o continuance will be granted in any event unless good cause is shown." The plaintiff disagreed with her physician's conclusions regarding the degree of her disability. She requested the continuance in order to seek an additional medical opinion. The compensation court denied the request.

The plaintiff argues that she had good cause for a continuance and that her case was prejudiced by the disallowance to seek a second medical opinion. The question before this court is not, however, whether the plaintiff had good cause for a continuance, but, rather, whether the trial court abused its discretion in denying the request.

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Marr v. Marr*, 245 Neb. 655, 515 N.W.2d 118 (1994); *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1993).

We must determine whether this decision is untenable. The plaintiff was allowed to choose her own physician, and she was not limited to seeing one doctor. In addition, she knew that the trial schedule was such that, upon receiving an opinion from her doctor, time would not permit her to consult with a second doctor before the trial date.

The decision of the compensation court did not unfairly deprive the plaintiff of a substantial right. The plaintiff points to no substantial right which was affected by the decision to

deny the motion for continuance. The compensation court did not abuse its discretion in this matter, and the plaintiff's assignment of error fails on this issue.

The plaintiff's second assignment of error concerns the denial of her motion for dismissal without prejudice and the interpretation of the statutes that apply thereto. Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Abdullah v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 545, 513 N.W.2d 877 (1994); *Rigel Corp. v. Cutchall*, 245 Neb. 118, 511 N.W.2d 519 (1994).

The plaintiff claims that a general statute, Neb. Rev. Stat. § 25-601 (Reissue 1989), applies to her action. That section provides, in pertinent part: "An action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court . . . ." This court has previously held that "a plaintiff may dismiss his action without prejudice as a matter of right at any time before final submission. It is a statutory right and not a matter of judicial grace or discretion." *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 426, 299 N.W.2d 435, 436 (1980). Accord *Gebhart v. Tri-State G. & T. Assn.*, 181 Neb. 457, 149 N.W.2d 41 (1967).

Other statutes apply to the facts of this case. Neb. Rev. Stat. § 48-163 (Cum. Supp. 1992) contains the following provision:

> The Nebraska Workers' Compensation Court may adopt and promulgate all reasonable rules and regulations necessary for carrying out the intent and purpose of the Nebraska Workers' Compensation Act and shall administer and enforce all of the provisions of such act, except such as are committed to the Supreme Court.

Also, Neb. Rev. Stat. § 48-168 (Reissue 1988) states: "The Nebraska Workers' Compensation Court shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure . . . ."

In keeping with the spirit of the above statutes, this court has prescribed few procedural standards for the Workers' Compensation Court. See, *Harpham v. General Cas. Co.*, 232

Neb. 568, 441 N.W.2d 600 (1989) (due process requirements may control the type of evidence that is admissible in a workers' compensation case); *Fite v. Ammco Tools, Inc.*, 199 Neb. 353, 258 N.W.2d 922 (1977) (Workers' Compensation Court evidentiary standards may not be more restrictive than the Nebraska rules of evidence). We see no reason to further circumscribe the authority of the Workers' Compensation Court in this case.

The plaintiff contends that § 25-601 should be controlling because it does not specifically state that it is inapplicable in the Workers' Compensation Court. We disagree. If statutes were deemed applicable in the Workers' Compensation Court unless specifically excluded, then §§ 48-163 and 48-168, which specifically exempt that court from formal rules of procedure, would be without meaning. A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *In re Interest of Powers*, 242 Neb. 19, 493 N.W.2d 166 (1992); *In re Estate of Morse*, 241 Neb. 40, 486 N.W.2d 195 (1992). Section 25-601 does not apply to the Workers' Compensation Court, and the plaintiff's assignment of error is without merit.

Finally, the plaintiff assigns as error the dismissal of her petition with prejudice. This assignment of error was not discussed in the brief. To be considered by an appellate court, errors must be assigned and discussed in the brief of the one claiming that the prejudicial error has occurred. *Franksen v. Crossroads Joint Venture*, 245 Neb. 863, 515 N.W.2d 794 (1994); *State v. Vermuele*, 241 Neb. 923, 492 N.W.2d 24 (1992). No clear error being apparent in the record, the plaintiff's final assignment of error is without merit.

For the above reasons, the judgment of the Nebraska Workers' Compensation Court is affirmed.

AFFIRMED.

WHITE, J., dissenting.

As I can see no reason that justifies a different rule relating to voluntary dismissals before trial applicable only to the Workers' Compensation Court, I dissent. Neb. Rev. Stat. § 48-163 (Cum. Supp. 1992) surely cannot be said to supersede this court's general administrative authority over all courts. See

Neb. Const. art. V, § 1.

In the exercise of our administrative authority, and in the interest of consistent rules of procedure in all trial courts, I would disapprove the compensation court rule and reverse the decision of that court.

LANPHIER, J., joins in this dissent.