LINDA L. KNAPP, APPELLEE, V. VILLAGE OF BEAVER CITY, DOING BUSINESS AS BEAVER CITY MANOR, APPELLANT.

728 N.W.2d 96

Filed March 2, 2007.   No. S-06-874.

John W. Iliff and Francie C. Riedmann, of Gross & Welch, P.C., L.L.O., for appellant.

Jamie Gaylene Scholz and Rolf Edward Shasteen, of Shasteen & Scholz, P.C., for appellee.

Heavican, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Stephan, J.

In 2005, the Nebraska Workers' Compensation Act was amended to include a provision that "[a]n action may be dismissed by the plaintiff, if represented by legal counsel, without prejudice to a future action, before the final submission of the case to the compensation court."[1] Linda L. Knapp, through her attorney of record, filed for, and was granted, a dismissal without prejudice 1 day before trial of her case in the Workers' Compensation Court. We agree with the compensation court that she had a statutory right to dismiss.

---

[1] Neb. Rev. Stat. § 48-177 (Cum. Supp. 2006); 2005 Neb. Laws, L.B. 13, § 29.

## BACKGROUND

Knapp filed a petition against the Village of Beaver City, doing business as Beaver City Manor (the Village), in the Nebraska Workers' Compensation Court on April 18, 2005. Trial was set for January 25, 2006. On January 19, Knapp filed a motion to continue, seeking an order of the trial court to continue the trial for not less than 90 days so that Knapp could obtain further medical evidence. That motion was denied by the trial court in a written order on January 23.

On January 24, 2006, Knapp filed a "Dismissal Without Prejudice," purporting to dismiss her cause of action without prejudice to its refiling pursuant to her rights under § 48-177. The Village objected to the dismissal, claiming that the language in § 48-177 is discretionary with the court and that a plaintiff may not dismiss a suit without prejudice before trial as a matter of right where no good cause has been shown for the dismissal. By written order that same day, the trial court summarily granted Knapp's dismissal without prejudice.

The Village timely applied for review of the trial court's order by a review panel of the Workers' Compensation Court. In its application, the Village claimed the trial court (1) abused its discretion in granting the dismissal; (2) erred as a matter of fact or law, or was clearly wrong in granting the dismissal; and (3) failed to provide a reasoned decision as required by Workers' Comp. Ct. R. of Proc. 11 (2002). The review panel affirmed the trial court's order dismissing Knapp's claim against the Village without prejudice. Citing § 48-177, the review panel noted that the statute had been amended in 2005 to add language which created a nondiscretionary right to dismiss.

The Village timely appealed the review panel's order, and this court moved the appeal to its docket on its own motion, in accordance with the court's authority to regulate the caseloads of the appellate courts of this state.[2]

## ASSIGNMENTS OF ERROR

The Village assigns, restated and consolidated, that the Workers' Compensation Court erred in (1) granting Knapp's

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

dismissal without prejudice and (2) failing to provide a reasoned decision as required by rule 11.

## STANDARD OF REVIEW

■ Under Neb. Rev. Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[3]

■ The meaning of a statute is a question of law, and an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.[4] Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[5]

## ANALYSIS

Plaintiffs in civil actions may dismiss the action without prejudice to a future action "before the final submission of the case to the jury, or to the court where the trial is by the court."[6] Generally, the right of the plaintiff to voluntary dismissal is a right that is not a matter of judicial grace or discretion.[7] A plaintiff may enter a dismissal as a matter of right at any time before final submission of the case.[8] However, we held in *Grady v. Visiting Nurse*

---

[3] *Worline v. ABB/Alstom Power Int. CE Servs.*, 272 Neb. 797, 725 N.W.2d 148 (2006).

[4] *Estate of Coe v. Willmes Trucking*, 268 Neb. 880, 689 N.W.2d 318 (2004).

[5] *Watson v. Watson*, 272 Neb. 647, 724 N.W.2d 24 (2006).

[6] Neb. Rev. Stat. § 25-601(1) (Reissue 1995).

[7] *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

[8] *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002).

*Assn.*[9] that § 25-601(1) did not apply to a workers' compensation action.

Prior to 2005, the Nebraska Workers' Compensation Act had no provision similar to § 25-601(1). The only provision pertaining to a plaintiff's voluntary dismissal of a workers' compensation action was found in the last sentence of § 48-177, which provided: "Upon a motion for dismissal duly filed by the plaintiff, showing that a dispute between the parties no longer exists, the compensation court may dismiss any such cause without a hearing thereon." In 2005, the Legislature amended § 48-177 to insert the following penultimate sentence: "An action may be dismissed by the plaintiff, if represented by legal counsel, without prejudice to a future action, before the final submission of the case to the compensation court."[10] This new language is substantially similar to that of § 25-601(1), except for the requirement that a plaintiff seeking a voluntary dismissal of a workers' compensation action must be represented by counsel.

The Village argues that the two sentences in § 48-177 are ambiguous when read together and that we must therefore resort to the legislative history in order to ascertain their meaning. But it is a court's duty to discover, if possible, legislative intent from the statute itself.[11] In order for a court to inquire into a statute's legislative history, the statute in question must be open to construction, and a statute is open to construction when its terms require interpretation or may reasonably be considered ambiguous.[12] We perceive no ambiguity and have no difficulty determining the meaning and intent from the plain language of the statute. The last sentence of § 48-177 pertains to a dismissal by the plaintiff in the circumstance where there is no longer a dispute between the parties. The preceding sentence, added by the 2005 amendment, permits a voluntary dismissal where a dispute still exists, in that such dismissal is "without prejudice to a future action."

[9] *Grady v. Visiting Nurse Assn.*, 246 Neb. 1013, 524 N.W.2d 559 (1994).

[10] 2005 Neb. Laws, L.B. 13, § 29.

[11] *Alegent Health Bergan Mercy Med. Ctr. v. Haworth*, 260 Neb. 63, 615 N.W.2d 460 (2000).

[12] *Zach v. Eacker*, 271 Neb. 868, 716 N.W.2d 437 (2006).

The 2005 amendment to § 48-177 gave plaintiffs a statutory right which did not previously exist.[13] We see no reason to construe it as substantively different from the right given to civil plaintiffs by § 25-601(1).

▮ Alternatively, the Village argues that even if § 48-177 gives a plaintiff the right to dismiss, the court may attach conditions to the dismissal where justice and equitable principles so require. This court has recognized exceptions to the right of a plaintiff to dismiss a civil action where it is necessary for the protection of any rights which have accrued to the defendant as a result of the bringing of the action.[14] Assuming without deciding that a dismissal under § 48-177 would be subject to similar exceptions, they do not exist on this record. The Village contends that it was prejudiced by Knapp's dismissal because "it now opens the door for additional medical evaluation and testimony, which, according to the progression of the case, should have been accomplished well before January 24, 2006."[15] It further asserts that any new medical opinion would require the Village to "review and refute that opinion."[16] In essence, the Village appears to be complaining about the delay and related expense caused by the dismissal. However, we have held that the expense of employing attorneys in defending an action and the liability to further litigation over the same matter are not matters justifying the limitation of a plaintiff's right to dismiss without prejudice prior to submission.[17]

The Village also argues that dismissal without prejudice under § 48-177 would circumvent the requirements of Workers' Comp. Ct. R. of Proc. 8 (2006). Rule 8 states that "[a] continuance, under any circumstances, may be granted if good cause is shown; however, no continuance shall be granted within two weeks of the date of hearing unless an emergency arises." The

---

[13] See *Grady v. Visiting Nurse Assn., supra* note 9.

[14] *Holste v. Burlington Northern RR. Co., supra* note 7; *Kansas Bankers Surety Co. v. Halford, supra* note 8.

[15] Brief for appellant at 12.

[16] *Id.*

[17] See, *Kansas Bankers Surety Co. v. Halford, supra* note 8; *Feight v. Mathers,* 153 Neb. 839, 46 N.W.2d 492 (1951).

Village contends that even though Knapp was previously denied a continuance, her dismissal without prejudice serves the same purpose. We are not persuaded by this argument. A dismissal without prejudice and a continuance are not the same. The former removes the case from the court's docket and subjects the plaintiff to the running of a limitations period, while the latter does not. We note that a plaintiff in a civil action may seek a continuance under Neb. Rev. Stat. § 25-1148 (Reissue 1995), which continuance is discretionary with the court, and if denied, the plaintiff may dismiss the action without prejudice under § 25-601.

Finally, the Village argues that the trial court failed to provide a well-reasoned opinion as required by rule 11 of the rules of procedure of the Nebraska Workers' Compensation Court. At the time of the compensation court's disposition of this case, that rule provided in part:

> All parties are entitled to reasoned decisions which contain findings of fact and conclusions of law based upon the whole record which clearly and concisely state and explain the rationale for the decision so that all interested parties can determine why and how a particular result was reached. The judge shall specify the evidence upon which the judge relies. The decision shall provide the basis for a meaningful appellate review.

The "Dismissal Without Prejudice" filed by Knapp in this case states that such dismissal was "pursuant to [Knapp's] right as set forth in *Neb. Rev. Stat.* §48-177." The Village filed an objection in which it argued that the plaintiff's right to dismiss was discretionary and that no good cause had been shown for the dismissal. The compensation court found that "the dismissal should be granted," thus clearly indicating that it had resolved the parties' conflicting interpretations of § 48-177 in favor of Knapp. No further elucidation was necessary for our independent review of this issue of law.

## CONCLUSION

For the reasons discussed, we affirm the judgment of the compensation court review panel which affirmed the order of the trial judge dismissing Knapp's action without prejudice to its refiling.

AFFIRMED.