Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/26/2016 02:10 PM CDT

Wilmer Interiano-Lopez, appellant, v.
Tyson Fresh Meats, Inc., self-insured
employer, appellee.

___ N.W.2d ___

Filed August 26, 2016.    No. S-15-722.

1. **Workers' Compensation: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 48–185 (Cum. Supp. 2014), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. Determinations by a trial judge of the Workers' Compensation Court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact which are clearly wrong in light of the evidence.

3. **Workers' Compensation: Statutes: Appeal and Error.** The meaning of a statute is a question of law, and an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.

4. **Statutes: Appeal and Error.** Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

5. **Workers' Compensation: Jurisdiction: Statutes.** The Workers' Compensation Court, as a statutorily created court, has only such authority as has been conferred upon it by statute, and its power cannot extend beyond that expressed in statute.

6. **Workers' Compensation: Dismissal and Nonsuit.** The right of a plaintiff to dismiss his or her workers' compensation action under Neb. Rev. Stat. § 48-177 (Cum. Supp. 2014) is not a matter of judicial grace or discretion.

7. \_\_\_\_: \_\_\_\_. Neb. Rev. Stat. § 48-177 (Cum. Supp. 2014) gives a workers' compensation plaintiff the explicit right to dismiss the cause without prejudice so long as the plaintiff is represented by counsel and requests dismissal before the final submission of the case to the court.

8. **Workers' Compensation: Rules of Evidence.** The Nebraska Workers' Compensation Court is not bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure.

9. **Workers' Compensation: Legislature: Intent: Employer and Employee.** The Nebraska Workers' Compensation Act was intended by the Legislature to simplify legal proceedings between injured employees and their employers.

10. **Workers' Compensation: Legislature: Courts.** Changes in the workers' compensation laws, and in the public policies recognized in those laws, must emanate from the lawmaking powers of the Legislature and not from the courts.

11. **Pleadings: Dismissal and Nonsuit.** An answer which merely alleges defenses to a petition and prays for the inverse of the relief sought by the petition does not survive after the petition is dismissed.

12. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.

13. **Statutes: Legislature: Intent.** In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

14. \_\_\_\_: \_\_\_\_: \_\_\_\_. Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.

15. **Jurisdiction.** Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.

Appeal from the Workers' Compensation Court: Dᴀɴɪᴇʟ R. Fʀɪᴅʀɪᴄʜ, Judge. Vacated and remanded with directions.

Laura L. Pattermann, T.J. Pattermann, and Harry A. Hoch III, of Gallner & Pattermann, P.C., for appellant.

Joshua J. Schauer, of Perry, Guthery, Haase & Gessford, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Stacy, J.

## NATURE OF CASE

This is an appeal from a decision of the Nebraska Workers' Compensation Court. Appellant, Wilmer Interiano-Lopez, filed a petition seeking benefits, and appellee, Tyson Fresh Meats, Inc. (Tyson), filed an answer which included a purported counterclaim. Shortly thereafter, Interiano-Lopez moved to dismiss the action. The compensation court dismissed the petition but proceeded to trial on Tyson's counterclaim and found Interiano-Lopez had failed to prove a workplace injury. Interiano-Lopez appeals. Because we conclude the compensation court acted without authority and in excess of its powers by proceeding to trial rather than dismissing the cause, we vacate the judgment of the court and remand the cause with directions to dismiss.

## FACTUAL BACKGROUND

In 2013, Interiano-Lopez was living in Sioux City, Iowa, and working for Tyson at a meatpacking plant in Dakota City, Nebraska. One of his jobs involved cutting the stomach or "paunch" of cows to allow the contents to fall out as they were processed on the "dump paunch line."

On October 7, 2013, Interiano-Lopez was working with a trainee. According to Interiano-Lopez, the trainee was hanging meat incorrectly and it was falling off the hooks as it passed down the dump paunch line. Interiano-Lopez had to lift and place the meat back on the hooks to complete his work, and his hands and arms became increasingly fatigued. At one point, a paunch fell from the hook and hit Interiano-Lopez on the right shoulder. He felt a pop in his shoulder and began experiencing severe pain and loss of strength in his arm. Interiano-Lopez

was taken to the plant infirmary and thereafter to a hospital emergency room. He was diagnosed with a shoulder separation and was referred for orthopedic evaluation and treatment.

In March 2014, Interiano-Lopez, through counsel, filed a petition in the Nebraska Workers' Compensation Court seeking a determination of the rights and liabilities of the parties regarding the accident of October 7, 2013. Interiano-Lopez sought to be declared permanently and totally disabled or, in the alternative, to be awarded temporary total disability benefits, ongoing medical benefits, and vocational rehabilitation training.

In April 2014, Tyson filed an answer which included what it characterizes as a counterclaim. Tyson's answer denied liability, alleged Interiano-Lopez' physical problems were caused by a preexisting condition, and alleged Interiano-Lopez had "received some workers' compensation benefits for which [Tyson] is entitled to a credit." In its counterclaim, Tyson reiterated allegations set forth in the answer and included a request that "the Court determine [Tyson's] liabilities, if any, and rights with respect to the alleged October 7, 2013 accident at issue in this matter."

Two weeks after Tyson filed its answer, the attorney for Interiano-Lopez filed a motion to dismiss the action without prejudice. The court subsequently entered an order of dismissal which provided "[Interiano-Lopez'] Petition is dismissed without prejudice." After the dismissal was entered, Interiano-Lopez filed a claim with the Iowa Workers' Compensation Commissioner regarding the October 7, 2013, injury. The record indicates both parties considered Iowa's workers' compensation law regarding shoulder injuries to be more favorable to Interiano-Lopez than Nebraska's law.

Despite the dismissal, Tyson proceeded with discovery on its counterclaim and, when Interiano-Lopez did not answer the discovery, Tyson filed a motion to compel in the Nebraska Workers' Compensation Court. Interiano-Lopez opposed the motion to compel, arguing the Nebraska action had been

dismissed without prejudice and the discovery being sought did not pertain to any issues being litigated in Nebraska. The Nebraska Workers' Compensation Court sustained Tyson's motion to compel and ordered Interiano-Lopez to respond to the discovery, adding that the failure to comply would subject him to possible sanctions. Interiano-Lopez subsequently answered Tyson's discovery. Tyson was dissatisfied with the responses and filed a second motion to compel, which the court also sustained, again referencing the possibility of sanctions for noncompliance.

In July 2014, the Nebraska Workers' Compensation Court issued notice that "a trial in the above cause" was set for October 29, 2014. The court subsequently continued trial to January 12, 2015, and ordered the parties to exchange witness and exhibit lists and file pretrial statements.

In December 2014, Interiano-Lopez filed a motion seeking to stay the Nebraska proceedings pending resolution of the Iowa proceedings. Interiano-Lopez again argued that his motion to dismiss without prejudice had been granted by the court and also alleged:

> The remaining proceedings in this action are for a claim by [Tyson] for repayment of overpaid benefits. This can only be determined once Iowa has determined if the injury was work related and the appropriate benefits to be paid to . . . Interiano-Lopez. The action here is for the same accident and injury pending in Iowa and . . . justice would dictate these proceedings be stayed without prejudice, pending resolution of the Iowa action.

Tyson resisted the motion to stay, alleging:

> Tyson is entitled to a determination of [Interiano-Lopez'] rights and liabilities pursuant to the Nebraska Workers' Compensation Act [and Interiano-Lopez] should not be allowed to claim prejudice or controversy by subsequently initiating proceedings in the state of Iowa in an attempt to disgorge Tyson of its right to a determination under the Nebraska Workers' Compensation Act.

The Nebraska court treated Interiano-Lopez' motion to stay as a motion to continue trial and granted it. Tyson then filed a motion to reconsider, which the court denied, explaining:

The Court granted [Interiano-Lopez'] motion because the Court believed [Interiano-Lopez] presented sufficient reason to continue the trial scheduled for January 12, 2015. [Interiano-Lopez] seeks to try this matter in Iowa and is concerned that a judgment rendered in Nebraska could be used as a weapon to prevent a decision being rendered in Iowa pursuant to Iowa Code § 85.72. It is clear that there is concurrent jurisdiction between both Iowa and Nebraska. Each state could render a decision on the merits of the case but only Iowa has a statute that would prevent a decision being rendered in Iowa if a decision is first rendered in Nebraska. This Court could still render a decision in this case if Iowa were to render a decision first. That being the case, the Court sees no reason it should not at least grant [Interiano-Lopez] an opportunity to try this case first in Iowa. That opportunity will continue not in *ad infinitum*.

The Nebraska Workers' Compensation Court then continued the matter and set trial for May 27, 2015.

In March 2015, Interiano-Lopez filed a second motion to continue trial. He asserted his Iowa workers' compensation claim was scheduled to be tried approximately 2 months after the Nebraska matter. The Nebraska court overruled the motion to continue trial, reasoning that the matter already had been continued twice already and that "[t]he progression of litigation here in Nebraska cannot be unduly dependent upon the progression of the litigation in Iowa."

Trial was held on May 27, 2015. At the start of trial, Interiano-Lopez renewed his motion to dismiss, arguing that pursuant to Neb. Rev. Stat. § 48-177 (Cum. Supp. 2014), nothing survived the dismissal of the cause without prejudice. The compensation court overruled the renewed motion to dismiss,

and the matter proceeded to trial on Tyson's counterclaim. Both parties presented evidence, and the court took the matter under advisement.

On July 15, 2015, the Nebraska Workers' Compensation Court entered a written "Order on [Tyson's] Counterclaim." Before addressing the merits, the court made an express finding that "[Tyson's] counterclaim survived the dismissal of [Interiano-Lopez'] petition." The court reasoned:

> [Tyson] has a right to file an action to adjudicate the rights and liabilities of the parties under the Nebraska Workers' Compensation Act. *See* Neb. Rev. Stat. § 48-173. Importantly, Neb. Rev. Stat. § 25-603 provides that "[i]n any case where a setoff or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed the action or failed to appear." Based upon the clear language of § 25-603, [Interiano-Lopez'] motion to dismiss is hereby overruled.

The court then proceeded to the merits of Tyson's counterclaim. It observed, "The central issue in this case is whether [Interiano-Lopez] suffered an accident and resulting injury to his right shoulder in an accident on October 7, 2013 that arose out of and in the course of his employment with [Tyson]." The court noted the "operative pleading" was Tyson's counterclaim "and not a petition for benefits filed by [Interiano-Lopez]," but it nevertheless concluded "the burden of proof lies with [Interiano-Lopez]." After summarizing the evidence, the court concluded Interiano-Lopez had failed to meet his burden of proving a work-related accident on October 7, 2013, and concluded Tyson "owe[d] no benefits under the Nebraska Workers' Compensation Act." Interiano-Lopez timely appeals.

## ASSIGNMENTS OF ERROR

Interiano-Lopez assigns, restated, that the Workers' Compensation Court erred in (1) failing to dismiss the cause,

including Tyson's counterclaim, when Interiano-Lopez filed a motion to dismiss without prejudice; (2) finding Interiano-Lopez had the burden of proof in the trial on Tyson's counterclaim; and (3) finding Interiano-Lopez did not suffer a workplace injury.

## STANDARD OF REVIEW

[1] Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2014), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[1]

[2] Determinations by a trial judge of the Workers' Compensation Court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact which are clearly wrong in light of the evidence.[2]

## ANALYSIS

[3] Interiano-Lopez' first assignment of error concerns the court's ruling on his motion to dismiss without prejudice and requires interpretation of the workers' compensation statute governing such dismissals.[3] The meaning of a statute is a question of law, and an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.[4] Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation

---

[1] *Hynes v. Good Samaritan Hosp.*, 291 Neb. 757, 869 N.W.2d 78 (2015).

[2] *Id.*

[3] See § 48-177.

[4] *Knapp v. Village of Beaver City*, 273 Neb. 156, 728 N.W.2d 96 (2007).

to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[5]

Section 48-177 governs when a workers' compensation plaintiff may dismiss a case without prejudice and provides in relevant part:

> (1) At the time a petition or motion is filed, one of the judges of the Nebraska Workers' Compensation Court shall be assigned to hear the cause. . . .
>
> (2) Any such cause may be dismissed without prejudice to a future action (a) by the plaintiff, if represented by legal counsel, before the final submission of the case to the compensation court or (b) by the compensation court upon a stipulation of the parties that a dispute between the parties no longer exists.

The Legislature has amended § 48-177 several times over the years, and we begin our analysis with an overview of the governing statute and our cases interpreting it.

In *Grady v. Visiting Nurse Assn.*,[6] we considered language in § 48-177 which had been in effect since 1949. At that time, § 48-177 permitted a workers' compensation plaintiff to dismiss his or her case without prejudice only upon an affirmative showing that no dispute existed between the parties.[7] The plaintiff in *Grady* argued that her right to dismiss a workers' compensation case should be governed by the general civil statute which allows plaintiffs to dismiss an action without prejudice any time before final submission of the case.[8] We rejected that suggestion, noting the Nebraska

---

[5] *Id.*

[6] *Grady v. Visiting Nurse Assn.*, 246 Neb. 1013, 524 N.W.2d 559 (1994).

[7] § 48-177 (Reissue 1993) (providing that "[u]pon a motion for dismissal duly filed by the plaintiff, showing that a dispute between the parties no longer exists, the compensation court may dismiss any such cause without a hearing thereon").

[8] See Neb. Rev. Stat. § 25-601(1) (Reissue 2008).

Workers' Compensation Court is not "'bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure . . . .'"[9] We further explained that if general civil procedure statutes "were deemed applicable in the Workers' Compensation Court unless specifically excluded, then §§ 48-163 and 48-168, which specifically exempt that court from formal rules of procedure, would be without meaning."[10] *Grady* held that § 25-601 did not apply to dismissals in the Workers' Compensation Court.[11]

In 2005, the Legislature amended § 48-177 to insert the language relevant to the instant appeal: "An action may be dismissed by the plaintiff, if represented by legal counsel, without prejudice to a future action, before final submission of the case to the compensation court."[12] In *Knapp v. Village of Beaver City*,[13] we interpreted this amended language to grant workers' compensation plaintiffs a statutory right to dismiss the action without prejudice, even when a dispute still existed between the parties. And we expressly rejected the employer's suggestion that the natural delay resulting from a dismissal, or the added expense of employing attorneys in further litigation over the same matter, were reasons that justified imposing limitations on a plaintiff's statutory right to dismiss under § 48-177.[14]

In 2011, the Legislature again amended § 48-177. As it regards the issues in this case, the 2011 amendments did not change the substance of a plaintiff's statutory right to dismiss,

---

[9] *Grady, supra* note 6, 246 Neb. at 1016, 524 N.W.2d at 561 (quoting Neb. Rev. Stat. § 48-168 (Reissue 1988)).

[10] *Id.* at 1017, 524 N.W.2d at 562.

[11] *Id.*

[12] § 48-177 (Reissue 2010).

[13] *Knapp, supra* note 4.

[14] *Id.*

but merely altered the words used to describe the proceedings before the compensation court.[15]

Interiano-Lopez argues it was error for the court to dismiss his petition but proceed to trial on Tyson's counterclaim. He contends that under § 48-177, the trial court did not have authority to dismiss only part of the cause before it.

[5,6] Before addressing the contentions of the parties, we emphasize the familiar proposition that the Workers' Compensation Court, as a statutorily created court, has only such authority as has been conferred upon it by statute, and its power cannot extend beyond that expressed in statute.[16] We also note generally that the right of a plaintiff to dismiss his or her workers' compensation action under § 48-177 is not a matter of judicial grace or discretion.[17] The central question presented here is whether the Workers' Compensation Court had the authority to continue litigating any aspect of the cause before it once the attorney for Interiano-Lopez requested dismissal without prejudice. We conclude, based on a plain reading of the operative statute, that it did not.

[7] Section 48-177 gives a workers' compensation plaintiff the explicit right to dismiss the cause without prejudice so long as the plaintiff is represented by counsel and requests dismissal before the final submission of the case to the court. It is undisputed that Interiano-Lopez was represented by counsel and that he filed his motion to dismiss before the final submission of the case to the compensation court. He therefore

---

[15] Compare § 48-177(2) (Cum. Supp. 2014) (providing that "[a]ny such cause may be dismissed without prejudice to a future action . . . by the plaintiff, if represented by legal counsel, before the final submission of the case to the compensation court"), with § 48-177 (Reissue 2010) (providing that "[a]n action may be dismissed by the plaintiff, if represented by legal counsel, without prejudice to a future action, before final submission of the case to the compensation court").

[16] *Hofferber v. Hastings Utilities*, 282 Neb. 215, 803 N.W.2d 1 (2011).

[17] *Knapp, supra* note 4.

was entitled as a matter of law to have the cause dismissed without prejudice.[18]

But after granting Interiano-Lopez' motion to dismiss, the compensation court proceeded to trial on what Tyson characterized as a counterclaim. The compensation court relied on Neb. Rev. Stat. § 25-603 (Reissue 2008) as authority for doing so, but that reliance was misplaced, because, as we clearly held in *Grady*, the general civil statutes governing pleadings and dismissal do not apply in Workers' Compensation Court.[19] Moreover, there is nothing in the plain language of § 48-177 which gives the compensation court authority to dismiss something less than the entire cause in response to a motion to dismiss.

Tyson presents several arguments in support of its contention that the Workers' Compensation Court had the statutory authority to proceed to trial on Tyson's counterclaim despite Interiano-Lopez' repeated requests to dismiss the entire cause. First, Tyson argues that counterclaims are permitted in civil cases and should be permitted in workers' compensation cases as well. Next, Tyson argues that its counterclaim was a permissible pleading because it was made part of its answer. Finally, Tyson argues its counterclaim was permissible because it was the functional equivalent of a petition under § 48-177. We address each argument in turn.

CIVIL PLEADING RULES
DO NOT APPLY

[8,9] Tyson devotes a significant portion of its brief on appeal to arguing that counterclaims are statutorily permitted in civil cases and so should be permitted in workers' compensation cases too. It is true that the Legislature has expressly authorized counterclaims, cross-claims, and third-party claims

---

[18] *Id.*

[19] See § 48-168(1) (Cum. Supp. 2014).

in civil cases.[20] But the Nebraska Workers' Compensation Court is not "'bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure . . . .'"[21] The Nebraska Workers' Compensation Act was intended by the Legislature to simplify legal proceedings between injured employees and their employers.[22] The streamlined statutory pleading rules in workers' compensation cases permit the filing of a petition,[23] an answer,[24] and various motions, including but not limited to motions for judgment on the pleadings and motions for summary judgment.[25]

[10] Tyson's argument to this court that counterclaims should be permitted under the Nebraska Workers' Compensation Act is a recommendation more appropriately presented to the Legislature. Changes in the workers' compensation laws, and in the public policies recognized in those laws, must emanate from the lawmaking powers of the Legislature and not from the courts.[26] We decline the invitation to judicially expand the basic pleading structure enacted by the Legislature in workers' compensation cases.

## Tyson's Counterclaim
### Was Not Answer

Tyson argues the compensation court had authority to proceed to trial on its counterclaim because it was asserted as

---

[20] Neb. Ct. R. Pldg. § 6-1113 (as authorized by Neb. Rev. Stat. § 25-801.01(1) and (2)(a) (Reissue 2008)).

[21] *Grady, supra* note 6, 246 Neb. at 1016, 524 N.W.2d at 561 (quoting § 48-168 (Reissue 1988)).

[22] See *Cleaver-Brooks, Inc. v. Twin City Fire Ins. Co.*, 291 Neb. 278, 865 N.W.2d 105 (2015).

[23] Neb. Rev. Stat. § 48-173 (Reissue 2010).

[24] Neb. Rev. Stat. § 48-176 (Reissue 2010).

[25] Neb. Rev. Stat. § 48-162.03 (Cum. Supp. 2014).

[26] *Estate of Teague v. Crossroads Co-op Assn.*, 286 Neb. 1, 834 N.W.2d 236 (2013).

part of Tyson's answer. Neb. Rev. Stat. § 48-176 (Reissue 2010) sets forth the requirements of an answer in workers' compensation cases and provides in relevant part that "the party at interest . . . shall file an answer to such petition, which shall admit or deny the substantial averments of the petition, and shall state the contention of the defendant with reference to the matters in dispute as disclosed by the petition."

[11] Even if we construe Tyson's pleading as an answer under § 48-176, the outcome does not change. An answer which merely alleges defenses to a petition and prays for the inverse of the relief sought by the petition does not survive after the petition is dismissed.[27] If Tyson's pleading was an answer, it did not survive the dismissal of Interiano-Lopez' petition and there was nothing for the compensation court to rule upon.

## Tyson's Counterclaim Was Not Functional Equivalent of Petition Under § 48-173

Finally, Tyson argues the Workers' Compensation Court was acting within its authority to proceed to trial on Tyson's counterclaim, because the counterclaim was the functional equivalent of a petition under § 48-173. It is true the Nebraska Workers' Compensation Act permits a petition to be filed by "either party at interest" when there is a dispute over a workers' compensation injury.[28] And there is no dispute that if the

---

[27] See *Giesler v. City of Omaha*, 175 Neb. 706, 123 N.W.2d 650 (1963) (stating that it is error to dismiss only petition and retain case for trial on answer where allegations of answer were merely inverse statement of relief plaintiff sought and stated no separate cause of action; entire action should have been dismissed).

[28] § 48-173. See, also, *Fidelity & Casualty Co. v. Kennard*, 162 Neb. 220, 75 N.W.2d 553 (1956) (permitting employer-initiated workers' compensation case over objections of employee).

court here had dismissed the entire cause—as it was required to do under § 48-177—Tyson could have filed its own petition if it desired to litigate the dispute over the compensability of the October 7, 2013, injury in Nebraska.

In light of this, Tyson asks this court to conclude as a matter of statutory construction that an employer's right to file a petition under § 48-173 can also be exercised by bringing a counterclaim when answering an employee's petition. Tyson argues its counterclaim "meets the elements" required of a petition under § 48-173 and suggests the court was correct in treating the counterclaim as the functional equivalent of a petition and allowing it to proceed to trial even after Interiano-Lopez exercised his right to dismiss the cause under § 48-177.[29]

[12-14] In considering Tyson's argument, we are guided by familiar rules of statutory construction. It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.[30] In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[31] Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.[32]

---

[29] Brief for appellee at 18.

[30] *State v. Warriner*, 267 Neb. 424, 675 N.W.2d 112 (2004); *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002).

[31] *State v. Mucia*, 292 Neb. 1, 871 N.W.2d 221 (2015); *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

[32] *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012).

We reject Tyson's statutory construction argument. The invitation to construe a counterclaim as the functional equivalent of a petition under § 48-173 is not warranted by a plain reading of the statute and is unsupported by the existing statutory scheme. Construing § 48-173 to provide that an employer's right to file a petition can also be exercised by bringing a counterclaim would not only expand the statutory pleading scheme enacted by the Legislature, it would also necessitate creation of a procedure by which a plaintiff could answer the counterclaim. As mentioned previously, the workers' compensation statutes authorize a petition[33] and an answer.[34] Because counterclaims are not part of the pleading scheme, there is no procedure enabling a plaintiff to admit or deny the substantial averments of a counterclaim, and no procedure by which a plaintiff can state his or her contention with reference to any additional matters in dispute as disclosed by the counterclaim. As such, the averments in Tyson's counterclaim went unanswered, because no procedural filing authorized by the relevant statutes would facilitate it.

Moreover, construing § 48-173 to permit counterclaims in lieu of petitions would effectively nullify a workers' compensation plaintiff's statutory right to dismiss the cause without prejudice under § 48-177. Tyson explained during oral argument that it began filing counterclaims asking for a determination of the rights and liabilities of the parties as a way to protect itself against any last-minute dismissals by plaintiffs under § 48-177. As such, this pleading practice was designed to interfere with a plaintiff's statutory right of dismissal. We will not construe an employer's right to file a petition under § 48-173 in a manner which negates a plaintiff's right to dismiss the cause under § 48-177.

---

[33] § 48-173.

[34] § 48-176.

### INTERIANO-LOPEZ DID NOT WAIVE
### HIS OBJECTION TO COMPENSATION
### COURT'S AUTHORITY

For the sake of completeness, we address Tyson's argument that Interiano-Lopez waived any objection to the court's authority to proceed to trial on Tyson's counterclaim by participating in the trial and asking the court to find in his favor. We conclude Interiano-Lopez did not waive his objection to the court's authority. Rather, the record clearly shows he consistently challenged the compensation court's authority to proceed to trial after dismissing his petition. Moreover, we reject the suggestion that the authority of the Workers' Compensation Court can be expanded by waiver or agreement.

[15] Even if Interiano-Lopez' participation in the trial could be viewed as voluntary, his participation cannot confer authority on the Workers' Compensation Court if it did not otherwise exist. As a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute.[35] Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.[36] As such, the voluntary participation of the parties is immaterial to the central question on appeal—whether the Workers' Compensation Court had the authority to proceed to trial after a represented plaintiff asked to dismiss the action without prejudice.

### CONCLUSION

Through a variety of arguments, Tyson urges this court to construe § 48-173 to authorize not only the filing of a petition

---

[35] *Cruz-Morales v. Swift Beef Co.*, 275 Neb. 407, 746 N.W.2d 698 (2008).

[36] *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013).

by an employer, but also to authorize the employer to file a counterclaim which recites the statutory pleading elements of the petition. We decline Tyson's invitation, because doing so would judicially expand the statutory pleading procedure set out by the Legislature and, as is demonstrated by the present case, it would have the effect of nullifying a plaintiff's statutory right to dismiss the cause without prejudice under § 48-177.

We conclude the Workers' Compensation Court acted without authority and in excess of its powers in proceeding to trial after Interiano-Lopez exercised his right to dismiss the cause without prejudice. Accordingly, we vacate the decision of the Workers' Compensation Court and remand the cause with directions to dismiss the cause without prejudice.[37]

VACATED AND REMANDED WITH DIRECTIONS.

---

[37] See, § 48-185; *Hynes, supra* note 1.