Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/20/2016 09:09 AM CST

LISA HOSTETLER, APPELLEE, V. FIRST STATE BANK
NEBRASKA AND AMERICAN GUARANTEE
& LIABILITY, APPELLANTS.

___ N.W.2d ___

Filed December 20, 2016.    No. A-16-220.

1. **Workers' Compensation: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2016), an appellate court may modify, reverse, or set aside a decision from the Workers' Compensation Court only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court, the findings of fact of the trial judge will not be disturbed on appeal unless clearly wrong.

3. ____: ____. An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.

4. **Workers' Compensation: Evidence: Appeal and Error.** Admission of evidence is within the discretion of the Workers' Compensation Court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion.

5. **Workers' Compensation: Rules of Evidence: Due Process.** The Workers' Compensation Court is not bound by the usual common-law or statutory rules of evidence, but its discretion to admit evidence is subject to the limits on constitutional due process.

6. **Workers' Compensation.** Workers' Comp. Ct. R. of Proc. 42(E) (2015) specifically provides that the parties cannot attempt to influence or control the meeting place, the evaluation's outcome, or the vocational rehabilitation counselor's recommendations, but that the employee can.

- 416 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
HOSTETLER v. FIRST STATE BANK NEBRASKA
Cite as 24 Neb. App. 415

7. ____. Under the odd-lot doctrine, total disability may be found in the case of workers who, while not altogether incapacitated for work, are so handicapped that they will not be employed regularly in any well-known branch of the labor market. The essence of the test is the probable dependability with which a claimant can sell his or her services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the superhuman efforts of the claimant to rise above his or her crippling handicaps.

8. **Workers' Compensation: Judgments: Appeal and Error.** Whether an employee is totally and permanently disabled is a question of fact, and when testing the trial judge's findings of fact, an appellate court considers the evidence in the light most favorable to the successful party.

9. **Trial: Witnesses.** As the trier of fact, the trial judge determines the credibility of the witnesses and the weight to give their testimony.

10. **Workers' Compensation: Words and Phrases.** Total and permanent disability contemplates the inability of the worker to perform any work which he or she has the experience or capacity to perform.

11. ____: ____. Total disability does not mean a state of absolute helplessness. It means that because of an injury, (1) a worker cannot earn wages in the same kind of work, or work of a similar nature, that he or she was trained for or accustomed to perform or (2) the worker cannot earn wages for any other kind of work which a person of his or her mentality and attainments could do.

Appeal from the Workers' Compensation Court: LAUREEN K. VAN NORMAN, Judge. Affirmed.

Patrick J. Mack and Gregory D. Worth, of McAnany, Van Cleave & Phillips, P.A., for appellants.

Franklin E. Miner, of Miner, Scholz & Dike, P.C., L.L.O., for appellee.

INBODY and PIRTLE, Judges, and McCORMACK, Retired Justice.

INBODY, Judge.
## INTRODUCTION
First State Bank Nebraska (FSBN) and its insurance carrier, American Guarantee & Liability (American), appeal the

Nebraska Workers' Compensation Court's determination that Lisa Hostetler was an odd-lot worker and was totally and permanently disabled. FSBN and American also contend the trial court failed to sustain its objection to certain pages of the vocational counselor's report, claiming the report was prejudiced because Hostetler's counsel's letter to the vocational counselor violated the Nebraska Workers' Compensation Court rules of procedure, specifically Workers' Comp. Ct. R. of Proc. 42(E) (2015).

## STATEMENT OF FACTS

Hostetler was employed by FSBN as a loan officer on April 5, 2013, when she was walking down the stairs at her workplace and slipped and fell, sustaining an injury to her coccyx (tailbone) and sacral fractures at S-5. As a result of the incident, Hostetler sought treatment from a number of physicians—trying a variety of pain medications, injections, modalities, and treatments—with some pain alleviation.

At trial, Hostetler testified that her job was done primarily while sitting and that initially after the incident, she would work 7 hours per day. Hostetler also testified that while she was working after the injury, sitting continued to be unpleasant, and that although the prescribed pain medications worked well, they made her "foggy" and eventually lost their effectiveness. Specifically, Hostetler testified that the medications interfered with her ability to perform her job functions, because she made mistakes, made technical errors, and took three to four times longer to complete projects. Hostetler stated that she would try different methods to decrease her back pain, including lying down at breaks, getting up every 20 to 30 minutes, sitting on either an icepack or a doughnut-shaped pillow, sitting forward, sitting on one leg or the other, and using a "standing desk" that FSBN purchased for her, but she did not have lasting relief. Hostetler indicated that in January 2015, Dr. Peter Piperis restricted her workday to 4 hours per day. Hostetler testified that FSBN is now accommodating

- 418 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HOSTETLER v. FIRST STATE BANK NEBRASKA
Cite as 24 Neb. App. 415

her needs with a part-time job. However, Hostetler stated her concern that if FSBN changes ownership again, as it has four times since she has been employed there, they may not be as accommodating.

On February 3, 2015, Hostetler participated in a functional capacity evaluation (FCE). The findings provided that Hostetler's most significant restriction is sitting and that she is able to sit for 1- to 2-hour intervals for a total sitting time of 6 to 7 hours throughout the 8-hour workday, so long as she can change positions periodically. Drs. Chris Cornett and Piperis, two of Hostetler's treating physicians, adopted the FCE. However, Dr. Piperis recommended that Hostetler work no more than 4 hours per day.

The parties agreed upon Lisa Porter as a vocational counselor to provide a loss of earning capacity evaluation and opinion. Porter met with Hostetler, reviewed the FCE, and reviewed the opinions of Drs. Cornett, Piperis, and D.M. Gammel, the doctor who performed a medical examination on behalf of FSBN and American. Porter's reports of June 16 and August 25, 2015, determined Hostetler sustained the following losses: a 15-percent loss of earning capacity, based on the FCE and Dr. Cornett's determinations; a 0-percent loss of earning capacity, based on Dr. Gammel's determination; and a 50- to 60-percent loss of earning capacity, based on Dr. Piperis' determination. Porter also provided that the parties should "feel free to contact [her] if [the parties] should have any questions, concerns[,] or comments regarding this report or of the opinions contained herein."

Hostetler's counsel received and reviewed Porter's evaluation, then wrote a letter to Porter on September 1, 2015, stating:

> After reviewing your August 25, 2015[,] addendum to the [loss of earning capacity evaluation], I have to ask if you can answer two additional questions given the 50 to 60 percent [loss of earning capacity] you gave

- 419 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HOSTETLER v. FIRST STATE BANK NEBRASKA
Cite as 24 Neb. App. 415

in regards to the 4 hour work restrictions given by Dr. Piperis. Please tell the parties whether 4 hours of work per day constitutes not only suitable, but gainful employment given . . . Hostetler had been employed full time for years prior to the April 5, 2013[,] accident. If you believe 4 hours of work per day is suitable and gainful employment by definition, please explain. Further, if you do not believe 4 hours of work per day constitutes gainful employment by its very definition, then is . . . Hostetler odd lot permanently and totally disabled?

In response, on September 8, 2015, Porter sent a letter to both parties, stating that based solely on Dr. Piperis' restrictions to Hostetler working 4 hours per day and his opinion, Hostetler "may indeed be considered an 'odd-lot' worker post-injury."

Hostetler also sought the opinion of rehabilitation specialist Patricia Conway to review and rebut Porter's report. Conway's November 13, 2015, report indicated that Hostetler sustained a 35-percent loss of earning capacity. Conway also determined that Hostetler is an odd-lot worker based on Dr. Piperis' opinion, that she has either a 35- or 60-percent loss of earning capacity based on Dr. Gammel's opinion or the FCE reports.

At trial, FSBN and American objected to Porter's September 8, 2015, response to Hostetler's counsel's September 1 letter. Specifically, FSBN and American objected to Porter's response, claiming the letter was produced in contravention of compensation court rule 42(E), because the parties are not to attempt to persuade or obtain a certain outcome from Porter. The trial court overruled the objection. Additionally, the trial court determined, based on Hostetler's testimony at trial and the opinions of the vocational counselors and Dr. Piperis, that Hostetler was an odd-lot worker and was totally and permanently disabled. FSBN and American have timely appealed to this court.

- 420 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HOSTETLER v. FIRST STATE BANK NEBRASKA
Cite as 24 Neb. App. 415

## ASSIGNMENTS OF ERROR

FSBN and American assign the trial court erred in determining that Hostetler was an odd-lot worker and was totally and permanently disabled despite working nearly full time following the work injury. FSBN and American also assign that the trial court erred when it failed to sustain their objection to certain pages of the vocational counselor's report, claiming that those pages of the report were prejudiced because Hostetler's counsel's letter to the vocational counselor violated compensation court rule 42(E).

## STANDARD OF REVIEW

[1-3] Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2016), an appellate court may modify, reverse, or set aside a decision from the Workers' Compensation Court only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Nichols v. Fairway Bldg. Prods.*, 294 Neb. 657, 884 N.W.2d 124 (2016). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court, the findings of fact of the trial judge will not be disturbed on appeal unless clearly wrong. See *Pearson v. Archer-Daniels-Midland Milling Co.*, 285 Neb. 568, 828 N.W.2d 154 (2013). An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Interiano-Lopez v. Tyson Fresh Meats*, 294 Neb. 586, 883 N.W.2d 676 (2016).

[4] Admission of evidence is within the discretion of the Workers' Compensation Court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion. *Tchikobava v. Albatross Express*, 293 Neb. 223, 876 N.W.2d 610 (2016).

- 421 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HOSTETLER v. FIRST STATE BANK NEBRASKA
Cite as 24 Neb. App. 415

## ANALYSIS

### Admission of Porter's
### September 8, 2015,
### Addendum Letter

FSBN and American claim the trial court erred in overruling its objection to Porter's September 8, 2015, response to Hostetler's counsel's September 1 letter, because it was procured in violation of compensation court rule 42(E). FSBN and American contend that Hostetler's counsel's letter to Porter was inappropriate contact, because its sole purpose was to influence Porter's initial opinion, which did not indicate whether Hostetler was an odd-lot employee.

[5] The Workers' Compensation Court is not bound by the usual common-law or statutory rules of evidence, but its discretion to admit evidence is subject to the limits on constitutional due process. *Tchikobava v. Albatross Express, supra*. Admission of evidence is within the discretion of the compensation court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion. *Id.*

Compensation court rule 42(E) provides in part that "[t]he parties, *other than the employee*, shall not attempt to influence or to control the meeting place, the outcome of the evaluation, or the recommendations of the vocational rehabilitation counselor." (Emphasis supplied.)

[6] Compensation court rule 42(E) specifically provides that the "parties" cannot attempt to influence or control the meeting place, the evaluation's outcome, or the vocational rehabilitation counselor's recommendations, but that the "employee" can. In this instance, Hostetler, as an employee, sought additional information regarding the rehabilitation counselor's recommendations, and was allowed to do so under rule 42(E).

Further, upon review of the letter written by Hostetler's counsel to Porter, which was also sent to FSBN and American, it does not appear it was the letter's intent to influence or

- 422 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
HOSTETLER v. FIRST STATE BANK NEBRASKA
Cite as 24 Neb. App. 415

control the outcome or recommendations of Porter's evaluation. Rather, it appears Hostetler contacted Porter in accordance with her invitation to "contact [her] if [the parties] should have any questions, concerns[,] or comments regarding this report or of the opinions contained herein." Specifically, Hostetler asked "*if* [Porter] can answer . . . additional questions" in considering Dr. Piperis' restrictions for Hostetler. (Emphasis supplied.) The language of the letter appears to show that it was Hostetler's counsel's intent to receive further instructions regarding whether Dr. Piperis' opinion that Hostetler be limited to a 4-hour workday would be suitable and gainful employment; an explanation of why a 4-hour workday might be considered suitable and gainful employment; and, if Hostetler is not considered suitably and gainfully employed, whether she would now be described as "odd lot permanently and totally disabled." Such questions of clarification provide no indication that Hostetler sought to influence or control Porter's recommendation, particularly as Porter had no obligation to respond.

Moreover, Porter's response did not indicate any bias, as there appears to be no change to the original recommendation and opinion and as her response indicated that Hostetler "*may* indeed be considered an 'odd-lot worker post-injury based solely on the medical opinion of Dr. . . . Piperis." (Emphasis supplied.)

Therefore, we conclude that the Workers' Compensation Court did not abuse its discretion admitting Porter's September 8, 2015, letter addendum to her report, in response to Hostetler's counsel's inquiry.

## TRIAL COURT'S ODD-LOT
### DETERMINATION

FSBN and American contend the trial court erred in its determination that Hostetler was an odd-lot worker and was totally and permanently disabled because she is still able to perform her job responsibilities and compete in the open

- 423 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HOSTETLER v. FIRST STATE BANK NEBRASKA
Cite as 24 Neb. App. 415

labor market. FSBN and American argue that even if Porter's September 8, 2015, letter is allowed into evidence, a 4-hour workday restriction does not warrant a finding of an odd-lot designation or a total and permanent disability.

[7] Under the odd-lot doctrine, total disability may be found in the case of workers who, while not altogether incapacitated for work, are so handicapped that they will not be employed regularly in any well-known branch of the labor market. The essence of the test is the probable dependability with which a claimant can sell his or her services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the superhuman efforts of the claimant to rise above his or her crippling handicaps. *Lovelace v. City of Lincoln*, 283 Neb. 12, 809 N.W.2d 505 (2012).

[8,9] Whether Hostetler is totally and permanently disabled is a question of fact, and when testing the trial judge's findings of fact, we consider the evidence in the light most favorable to the successful party. See, *Money v. Tyrrell Flowers*, 275 Neb. 602, 748 N.W.2d 49 (2008); *Frauendorfer v. Lindsay Mfg. Co.*, 263 Neb. 237, 639 N.W.2d 125 (2002). As the trier of fact, the trial judge determines the credibility of the witnesses and the weight to give their testimony. *Id*.

[10,11] Total and permanent disability contemplates the inability of the worker to perform any work which he or she has the experience or capacity to perform. *Frauendorfer v. Lindsay Mfg. Co., supra.* Total disability does not mean a state of absolute helplessness. It means that because of an injury, (1) a worker cannot earn wages in the same kind of work, or work of a similar nature, that he or she was trained for or accustomed to perform or (2) the worker cannot earn wages for any other kind of work which a person of his or her mentality and attainments could do. *Money v. Tyrrell Flowers, supra*; *Frauendorfer v. Lindsay Mfg. Co., supra.*

Hostetler sought medical attention from a variety of doctors and tried an array of pain medications, injections, modalities,

and treatments, with no continued success. Hostetler appeared to be diligent in her use of pain alleviation techniques through the use of a standing desk, regular movement throughout the workday, lying down on breaks, or the use of icepacks and doughnut-shaped pillows, with limited alleviation. Hostetler's testimony at trial indicated that much of her work is sedentary and is done while seated and that she continues to suffer pain, discomfort, and difficulty in accomplishing required job tasks. Dr. Piperis prescribed a 4-hour workday restriction, which continued at the time of trial. Considering the evidence in the light most favorable to Hostetler and giving her the benefit of every inference reasonably deducible from the evidence, we cannot say that the trial judge erred in finding Hostetler totally and permanently disabled.

## CONCLUSION

The compensation court did not abuse its discretion in admitting into evidence the vocational counselor's letter addendum to her report. Further, the trial court did not err in finding that Hostetler was an odd-lot worker and was totally and permanently disabled.

AFFIRMED.